## BURTON v. WEYERHAEUSER TIMBER CO. et al.

### Civil No. 326.

District Court, D. Oregon.

Feb. 1, 1941.

Wm. S. Lord, of Portland, Or., for plaintiff.

Wilbur, Beckett, Howell & Oppenheimer, by Robert T. Mautz, of Portland, Or., for defendant Weyerhaeuser Timber Co.

Maguire, Shields & Morrison, by Wm. H. Morrison, of Portland, Or., for defendants H. E. Martin and A. J. Martin, copartners doing business as Martin Transfer Co.

McCOLLOCH, District Judge.

I desire to make these observations about pre-trial procedure as established and conducted in this court:

1. Parties are expected to disclose all legal and fact issues which they intend to raise at trial, save only such issues as may involve privilege or impeaching matter. As to these two exceptions disclosure may be made to the judge conducting the pre-trial hearing without disclosure to opposing counsel, and a ruling will be made on the exception claimed.

The test to be applied on impeaching matter or any factual issue, which counsel feels should not be disclosed to his opponent in advance of trial, is the simple one—whether disclosure or non-disclosure will best promote the ends of justice. That is for the judge conducting the pre-trial hearing to determine.

2. Pre-trial orders should be agreed on by counsel and presented to the court for signature and filing a reasonable time before trial. In the rare cases where counsel are unable to agree on the form of

the pre-trial order, the court should be advised well before the trial date, and pre-trial orders representing the views of both sides submitted.

■ 3. At least one of the attorneys on each side appearing at pre-trial should also participate in the trial.

A new trial has been deemed necessary in this case largely because of disregard of the foregoing. Both sides were offenders.

Plaintiff received a disabling acid burn on his hand while handling an acid carboy that had been returned (according to the theory of plaintiff's case) by defendant Weyerhaeuser presumably empty. Plaintiff claimed that he was burned with muriatic acid which ran out of the carboy. Other acid carboys, presumably empty, which had contained sulphuric acid and had been returned by other users, were lying about, and defendants made a strong showing at the trial by plaintiff's admissions and by other testimony, chiefly of expert witnesses, that burns of the kind suffered by plaintiff could not have been from muriatic acid, but were sulphuric burns.

Defendant Weyerhaeuser offered to demonstrate, and was allowed to make a demonstration, that muriatic acid in contact with flesh on the hand for the time claimed by plaintiff was not harmful. Nothing was said by defendant's counsel at pre-trial about this defense, nor that a demonstration would be made of the non-deleterious effect of muriatic acid. Some of the reasons why the intended defense and demonstration should have been disclosed are set forth in the order granting a new trial, copy of which is hereto appended.

■ The attorneys were expressly charged at the conclusion of the pre-trial hearing to prepare and submit a pre-trial order not later than one week before the trial. In disregard of this direction the pre-trial order was not submitted until after the jury had been empaneled and sworn, and then only in response to a question from the bench about the order. I cannot escape the impression that there was some connection between the failure to observe the direction to prepare and to submit the pre-trial order well before the trial, and the surprise issues raised at the trial. I can sympathize with the desire of counsel, experienced in the older forms of practice, to withhold disclosure of such dramatic issues until the midst of trial, but it must be made clear that surprise, both as a weapon of attack and defense, is not to be tolerated

under the new Federal procedure. In view of the known (and one of the primary) objectives of the New Rules of Civil Procedure, to eliminate surprise as a trial tactic, one can hardly imagine a greater breach of the spirit of the New Rules than to deny to an injured man the right to show by the doctor attending him the fullest circumstances of his case, but exactly that happened in this case upon the insistence of defendants' counsel that an exposition of the medical aspects of the case could not be made on rebuttal. Plaintiff's counsel would, of course, have called the attending physician in his case in chief had he been apprised that defendants intended by oral evidence and demonstration to dispute the kind of acid burn which plaintiff claimed to have suffered.

Faithfully administered in spirit, as my senior colleague and I are endeavoring to administer them, the new rules outlaw the sporting theory of justice from Federal courts.

### Order Granting New Trial.

On its own initiative and pursuant to Rule 59(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the court orders a new trial herein on all issues on the following grounds and for the following reasons:

■ 1. Objection by defendants to testimony by Dr. Bettman, called as a witness by plaintiff, as to the nature of plaintiff's burns and his treatment, and the court's ruling limiting Dr. Bettman's testimony to the kind of acid burn in his opinion suffered by plaintiff, without being given the opportunity to give the reasons upon which such opinion was based, prevented plaintiff from having a fair trial.

■ 2. Demonstration by a witness for defendant Weyerhaeuser Timber Company that a small amount of muriatic acid placed on the witness's hand and allowed to remain for several minutes could be washed off without any damage resulting, was improperly and erroneously permitted by the court, because

(a) Neither the court nor opposing counsel were apprised either at the pre-trial hearing, nor were they apprised at all in advance of the trial that such demonstration was contemplated, thus depriving plaintiff's counsel of the opportunity to meet the demonstration by evidence or demonstration contra, particularly depriving opposing counsel and the court of the opportunity to

check or have checked the muriatic acid used for the demonstration to determine whether it was the same in quality, strength, etc. as the muriatic acid which plaintiff contended caused plaintiff's burn.

(b) The demonstration was not comparable in quantity of acid used to the quantity which plaintiff claimed was spilled on his glove and hand. Only a small amount of acid was placed on the hand of the demonstrator, whereas plaintiff testified that about a pint of acid was spilled on his glove and hand.

The foregoing prevented plaintiff from having a fair trial.

3. The factual defense that plaintiff was burned by sulphuric acid and not by muriatic acid should have been disclosed at the pre-trial hearing. Failure to disclose it was contrary to the spirit of the New Rules of Civil Procedure that surprise should be eliminated as a trial tactic, and contrary as well to the purpose and spirit of pre-trial procedure as established and conducted in this court. The failure to disclose that this was to be an important defense on the facts prevented plaintiff from having a fair trial, in that plaintiff's counsel was deprived of the opportunity to meet this defense.