**Hosea PAYNE, Appellant,**

v.

**S. S. NABOB and North German Lloyd and Lavino Shipping Company.**

**No. 13863.**

United States Court of Appeals Third Circuit.

Argued March 20, 1962.

Decided May 8, 1962.

Rehearing Denied June 2, 1962.

Bernard Sacks, Philadelphia, Pa., for appellant.

Thomas F. Mount, Philadelphia, Pa. (Rawle & Henderson, Philadelphia, Pa., Harrison G. Kildare, Philadelphia, Pa., on the brief), for SS Nabob and North German Lloyd.

F. Hastings Griffin, Jr., Philadelphia, Pa. (Dechert, Price & Rhoads, Philadelphia, Pa., on the brief), for Lavino Shipping Co.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In this personal injury admiralty action libellant filed a pretrial memorandum stating that he was relying upon the condition of a winch to prove his cause of action. The judge's pretrial report noted that. Sometime later the suit went to trial. Libellant's attorney included in his opening the fact that the loading had been handled improperly as an important element of his proof of unseaworthiness. The impleaded stevedore employer objected as it was outside the scope of the pretrial memorandum and report. The trial court sustained the objection. Two witnesses on behalf of the libellant, not listed in his pretrial memorandum, were not allowed to testify. Libellant's attorney moved for a continuance and this was denied.

■ Appellant argues that the Eastern District Standing Order of October 23, 1958, covering pretrial procedure, did not apply here. The contention is that it did not include admiralty matters until the adoption of Local Admiralty Rule 31, effective January 1, 1961 which was after the filing of the libellant's pretrial memorandum, the pretrial conference and the trial.

The title of the order, adopted October 23, 1958, is "Standing Order For Pre-Trial Conferences In Other Than Protracted Cases." The first paragraph required a listing for pretrial of "all civil cases which have been answered for trial, * * *." In accordance with this all cases answered for trial which were not of a protracted nature and not criminal were grouped broadly as "civil cases". That classification was not further broken down into admiralty, patent, etc. The order was employed in admiralty litigation from the date of its adoption with court and counsel functioning from then on in such matters under the rule. In 1960, effective January 1, 1961, the District by its Admiralty Rule 31 formally made its local civil rules not already specifically so designated (including the Standing Order) applicable to admiralty practice.

It is the perfunctory failure to mention admiralty practice in connection with the Standing Order until the 1960 Local Rule 31, upon which appellant relies. That reliance is unwarranted. Federal Rule of Civil Procedure, rule 16, 28 U.S.C.A. authorizing pretrial procedure and stating its essentials was brought into the Admiralty Rules in 1942 by Admiralty Rule 44½, 28 U.S.C.A. By Rule 16, the district court may use the pretrial procedure there indicated "In any action". Under that rule, starting in 1958, the court through its Standing Order has pretried its admiralty litigation. In 1960 it did, through its Local Admiralty Rules, formally make its entire district pretrial procedure a part of admiralty practice. Informally for two years prior thereto that had been the situation accepted by the court and counsel in all cases called for pretrial without exception. Libellant's counsel in this suit accepted the authority of the Standing Order.

■■ Appellant then would have it that the Standing Order did not furnish any ground for the court's barring of the unseaworthy allegation and of the witnesses not mentioned in the appellant's pretrial memorandum or the court's pretrial report. This seems to be founded on the thought that a pretrial memorandum is merely preparatory to the conference and that the court's pretrial order is the sole proof of the results of the pretrial procedure. In this instance, goes the contention, the function of appellant's memorandum was exhausted at the conference and since no pretrial "order" was made there were no binding results of the pretrial steps. The Padovani opinion [1] is cited for this, where it states:

"Nothing in the rule [16] affords basis for clubbing the parties into admissions they do not willingly make; but it is a way of advancing

1. Padovani v. Bruchhausen, 293 F.2d 546, 548 (2 Cir. 1961).

the trial ultimately to be had by setting forth points on which the parties are agreed after a conference directed by a trained judge."

Appellant was not clubbed into admissions he did not willingly make. It was his own voluntary statement of the basis of his claim that was included in the pre-trial report of the judge. The report was never objected to as incorrectly outlining appellant's pretrial statement.

The position now taken that the pre-trial report of the trial judge because it is not titled as an "order" does not comply with Rule 16 is without merit. Appellant's pretrial memorandum was filed. In accordance with the Standing Order it contained a "brief summary statement of both the facts of this case and counsel's contention as to the liability of defendant." It also contained "The names and addresses of all witnesses (except rebuttal) whom the plaintiff expects to call to testify at the time of trial." The pretrial conference was held in due course and attended by the attorneys for the parties. Based on the pretrial memoranda and the conference, the district judge drew and filed his report. There was no complaint concerning it or any part of it down to and including the trial until libellant's attorney was stopped in his opening as he went beyond his pre-trial outline of alleged liability. The pretrial "report"[2] drawn, signed and filed by the pretrial judge properly and fully (having the particular litigation and its requirements in mind) complies with the requirements of Rule 16.[3] It, including its references to the pretrial memoranda, succinctly fulfilled the letter and spirit of pretrial. It reduced the action to essentials, eliminated surplusage, enabled the parties and the court to prepare for a trial of stated issues, named witnesses and contained no hidden charms. The argument to the contrary, depending as it does on a quibble over the word "report", is rootless.

 It is asserted on behalf of the appellant that the Standing Order can only be construed as a request to stipulate, that counsel had no intention of stipulating and that no warning or no-

---

2. "Pre-Trial Report of Judge Van Dusen
Date Pre-Trial Held: 9/21/59 No. on Consolidated List: 2109
303 of 1958 in Admiralty
CASE TITLE: Hosea Payne v. S.S. Nabob & North German Lloyd v. Lavino Shipping Co.
1. TRIAL COUNSEL: L—Philip Dorfman, Esq. & Saul C. Waldbaum, Esq.
 R—Robert A. Hauslohner, Esq. (T. Mount will try)
 IR—F. Hastings Griffin, Jr., Esq. (P. Price will try)
2. AMENDMENTS: If IR wishes to amend pre-trial memo, notice to be given to undersigned.
3. DISCOVERY: Respondent will answer impleaded respondent's interrogatories (unexecuted copies to be furnished counsel by September 23).
4. L's CLAIM: Ship unseaworthy due to improper port winch on after side at #2 hatch. Brakes would not hold when set in neutral. Port winch on house-fall did not work from early hours of morning. See pre-trial memo.
5. R's CLAIM: Sole cause of injuries was L's negligence and that of his fellow workmen. Two men pushed draft into L and 2 other men said nothing was defective in winches. See pre-trial memo. IR's position—see pre-trial memo.
6. STIPULATIONS:
7. ISSUES:
8. LEGAL ISSUES:
9. TRIAL TIME: 6 days

 Francis L. Van Dusen, J."

---

3. See Judge Holtzoff's excellent commentary on Rule 16 in McCarthy v. Lerner Stores Corp., 9 F.R.D. 31 (D.C.D.C. 1949).

tice was given by the Standing Order that failure to list the requirements ordered would constitute a stipulation or a waiver of all other theories. Rule 16 gives as the first purpose of pretrial "The simplification of issues". Under the Standing Order counsel were asked to furnish "A brief summary of both the facts of the case and counsel's contentions as to the liability of the defendant." That was done. Libellant's contentions as to the liability of the defendant were inserted into the Court's Report with the note "See pre-trial memo". The Report was filed September 28, 1959. The trial did not commence until March 14, 1960, a five and a half months interval during which no effort was made to change the signed and filed contentions of the libellant regarding the liability of the defendant or to add names of witnesses. The facts that the situation was plain on its face and that the practice was well settled by then, (the Standing Order having been in effect since October 23, 1958), set the tone for this contention on behalf of appellant. Krieger v. Ownership Corporation, 270 F.2d 265 (3 Cir. 1959), relied upon by appellant is inapposite. We there held that disputed issues of fact *actually raised* at the pretrial stage could not be resolved by the trial court on motion for summary judgment. It has long been the law that attorneys at the pretrial stage "owe a duty to the court and opposing counsel to make a full and fair disclosure of their views as to what the real issues at the trial will be." Cherney v. Holmes, 185 F.2d 718, 721 (7 Cir. 1950); Burton v. Weyerhaeuser Timber Co., 1 F.R.D. 571, 572 (D.Oreg.1941). See 3 Moore's Federal Practice, Paragraph 16.11 (2 ed. 1948). It is through such disclosure at pretrial that trial prejudice can be avoided. The awareness of appellant's attorney to the trial situation is apparent in his request for a continuance when he told the court "I think under the circumstances I would move for a continuance of the case to give *the*

*other side* ample time, because actually this is a question of surprise." (Emphasis supplied).

■ It is argued also that the court abused its discretion by refusing to permit amendment of the pretrial memorandum. This was not an easy decision for the trial judge. His inclination clearly, as is habitual with judges, was to help. And help he would have if, in his opinion, he could have done so fairly. But he was confronted with the realization that if he granted the request or allowed a continuance of the trial he was repudiating the whole pretrial theory and system as understood and followed in the Eastern District at a crucial period of its existence. Pretrial was finally on a firm foundation there. The judges had all given it generous and complete attention. This, with the gradual realization of the bar that pretrial was here to stay as a vital element of litigation practice and its resultant full cooperation, had made pretrial procedure routine in the Eastern District. One consequence was that directly and indirectly enormous relief was given the badly clogged trial list. It was admittedly vitally important to make sure that pretrial procedure would continue to function properly. One necessary phase of attaining that objective was, as expressed by the trial judge, "We have come to the point of enforcing it very strictly." In the circumstances he considered himself obliged to deny the motions to amend the pretrial memorandum with respect to liability allegations and witnesses. The refusal of appellant's motion for a continuance is in the same category.

Beyond all doubt the judge acted entirely within his discretion. It was difficult for him, it took courage but it was what this sound, experienced judge had to do as he saw it, in accordance with his judicial obligation.

The decree of the district court will be affirmed.