Charles E. HARVEY

v.

EIMCO CORPORATION

v.

UNITED STATES STEEL CORP.

Civ. A. No. 28708.

United States District Court
E. D. Pennsylvania.

Sept. 27, 1963.

See also D.C., 32 F.R.D. 598.

Beasley & Ornsteen, by James E. Beasley, Philadelphia, Pa., for plaintiff.

Wolf, Block, Schorr & Solis-Cohen, by Michael L. Temin, and Bernard M. Borish, Philadelphia, Pa., for defendant Eimco Corp.

WOOD, District Judge.

The defendant seeks to compel the plaintiff to make a more definite pre-trial statement of his counsel's contentions as to the defendant's liability in this breach of warranty and negligence action.

We have a Standing Order 3(a) in this District which governs the content of a plaintiff's pre-trial memorandum, and in pertinent part reads as follows:

"Plaintiff's pre-trial memorandum shall contain the following:

"A. A brief summary statement of both the facts of the case and *counsel's contentions as to the liability of the defendant.*"

The genesis of this rule is Fed.R.Civ.P. 16(1) which governs pre-trial procedure directed toward a simplification of the issues. Professor Moore in his treatise [1] explains the rationale of Rule 16(1) as follows:

" \* \* \* the real issues are often worked out by use of the deposition and discovery procedure under Rules 26–37. The pre-trial conferences enable the parties, under the mediation of the court, to crystallize these issues and eliminate those which are not really controverted or which use of the deposition and discovery procedure has shown to be without merit. This serves a double purpose: on the one hand it eliminates surprise and assists the parties in preparing for trial; on the other hand, it avoids the necessity of preparing for trial upon non-existent issues. The order of the court reciting the issues which are left for trial controls the subsequent course of the action. This is of great assistance to the parties in the preparation of their case for trial, *since even though they may have learned for themselves the real points in dispute by utilizing the discovery procedure, an authoritative order defining the issues enables the parties to be certain of the issues on which proof must be adduced.*"

An examination of the plaintiff's ten-page pre-trial memorandum discloses an elaborate two and one-quarter page statement of the facts. This is followed by two pages detailing the plaintiff's damages and approximately five pages are devoted to an enumeration of some 131 witnesses. There is absolutely no mention of the plaintiff's "contentions as to the liability of the defendant." This directly contravenes the philosophy of Order 3(a) and Rule 16(1).

"Parties are expected to disclose all legal and fact issues which they intend to raise at trial, save only such issues as may involve privilege or impeaching matter." Burton v. Weyerhaeuser Timber Co., 1 F.R.D. 571–572 (D.C.Or.1941); and Payne v. S. S. Nabob, 302 F.2d 803, 807 (3 Cir. 1962); Nims, Pre-Trial, p. 107 (1950).

The plaintiff cannot subvert the clear intent of the pre-trial rules by withholding his theory of liability under the cloister of privilege. The motion is granted.

---

1. 3 Moore's Federal Practice, 16.11, p. 1115 (2 ed. 1948).