Counsel will submit an appropriate order.

**Thomas S. FOSTER, a minor, by his guardian, E. Burton Kerr**

v.

**BOROUGH OF GLENOLDEN.**

**Civ. A. No. 38247.**

United States District Court
E. D. Pennsylvania.

June 13, 1969.

William Steerman, Philadelphia, Pa., for plaintiff.

Peter P. Liebert, 3rd, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

On Sunday morning, June 9, 1963, Thomas Foster, then 5½ years old, was injured when he fell or was thrown from his bicycle in a playground operated and maintained by defendant Borough of Glenolden. Plaintiff contends that the fall occurred when the bicycle struck a rock which protruded several inches above the ground but was concealed by an overgrowth of grass and weeds. The negligence with which defendant was charged was (1) failure to have supervisory personnel at the playground; and (2) failure to properly maintain the playground (i.e. permitting the existence of a dangerous condition of which defendant had notice).

The case was tried to a jury in February 1969. The only witnesses to the fall were Thomas and two companions, one of whom was approximately his age, and the other younger. Thomas and the younger boy testified that the bicycle struck a rock which caused him to fall. Thomas' father testified to certain conditions, including the alleged protruding rock, which he observed and which he photographed later on the day of the fall or the next day. The photograph of the rock was not produced at the trial, the explanation being that perhaps it did not come out in the developing process.[1] The Borough produced two employees responsible for maintenance of the playground who testified to the frequency with which the grass was cut and the policing of the area for rocks and debris prior to each cutting of the grass. The Borough employees testified that if there had been a protruding rock, they would have observed it, and they did not observe any. After a charge to which no relevant exception was taken, the jury returned a verdict for defendant.

Plaintiff filed motions for judgment n. o.v. and for new trial. At oral argument, plaintiff's counsel conceded that there was no basis for the motion for judgment n.o.v., and argued solely the motion for new trial on two grounds:

(a) the court's failure to charge that the defendant Borough was under a duty to prevent children from riding bicycles in the playground; and

(b) the court committed prejudicial error in its comments on the qualifications of plaintiff's witness as an expert on recreational facilities.

Neither ground is meritorious and the motion for new trial will be denied.

A. *Failure to charge that defendant was under a duty to prevent children from riding bicycles on the playground.*

The jury was instructed as to the duty of a municipality to exercise reasonable care in maintaining and operating playgrounds and to keep them in a condition which is reasonably safe for children who are expected to use them. The jury was particularly instructed as to the duty of a municipality to correct or remove dangerous or defective conditions of which it has actual or constructive notice. Rule 51 F.R.Civ. P. requires objections to be made at the conclusion of the charge and provides that no party may assign as error the giving or failing to give an instruction unless objection is made before the jury retires to deliberate. The courts have enforced this rule except where the error was fundamental and likely to result in a miscarriage of justice. Trent v. Atlantic City Elec. Co., 334 F.2d 847 (3d Cir. 1964); Mazer v. Lipschutz, 327 F.2d 42 (3d Cir. 1963). Since plaintiff had not asserted that alleged duty as a ground of liability either in his original pleadings or in pretrial memoranda, failure to submit the issue to the jury was not error at all, see Payne v. S. S. Nabob, 302 F.2d 803 (3d Cir.), cert. denied, 371 U.S. 870,

[1] A number of other photographs which the father took at the same time were introduced in evidence.

83 S.Ct. 136, 9 L.Ed.2d 107 (1962), and certainly not such plain error as would survive failure of the timely objection required by Rule 51.

B. *Comment on witness' qualifications as expert.*

 Plaintiff called Estelle Goldstein, an employee of the Philadelphia Department of Recreation, as an expert on recreational facilities to testify as to appropriate safety standards in the operation of such facilities. The matters as to which she did testify were those upon which lay persons on the jury could pass judgment without assistance from persons possessing supposed special knowledge on the subject. In such cases expert testimony is not admissible. See Burton v. Horn & Hardant Baking Co., 371 Pa. 60, 88 A.2d 873, 63 A.L.R.2d 731 (1952). To the extent that Miss Goldstein was permitted to testify at all, plaintiff received more than he was entitled to. It was when the witness' testimony ventured into an area beyond her experience in the field of recreation that the court, in denying defendant's motion to strike her testimony, observed:

> "I think that the jury will have to accept this testimony as largely speculative, because Miss Goldstein is not speaking to an area that she is at all familiar with, but with that limitation I will permit it, * * *."

This was well within the range of permissible comment on the evidence. Byrd v. Blue Ridge Rural Elec. Co-op, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 reh. den., 357 U.S. 933, 78 S.Ct. 1366, 2 L.Ed.2d 1375 (1958); Norwood v. Great Am. Indem. Co., 146 F.2d 797 (3d Cir. 1944); Yeager v. J. R. Christ Co., 269 F.Supp. 186 (E.D.Pa.1967).

### ORDER

And now, this 13th day of June, 1969, it is ordered that

1. Plaintiff's Motion for Judgment N.O.V. is marked withdrawn; and

2. Plaintiff's Motion for New Trial is denied.