MR. JUSTICE SHEEHY
specially concurring:
I concur with the foregoing opinion, but I want to express my disapproval of Rule 19 of the Thirteenth Judicial District, or any rule like it which permits the filing of ex parte briefs with the Court.
I do not find in this case that the filing of the ex parte trial brief deprived the plaintiff of due process, but I can conceive of situations in which substantial harm would be done to a party’s case where trial briefs (in effect, private communications to the trial *213 court that are not served upon the other party) deprive the District Court of the benefit of the adversary process.
The spirit of the federal rules of civil procedure, upon which the Montana rules of civil procedure are based is full and open disclosure of fact and law.
That spirit is best expressed in Burton v. Weyerhaeuser Timber Company (D.C.Or. 1941), 1 F.R.D. 571, where the trial court said:
“. . . I can sympathize with the desire of counsel, experienced in the older forms of practice, to withhold disclosure of such dramatic issues until the midst of trial, but it must be made clear that surprise, both as a weapon of attack and defense, is not to be tolerated under the new Federal procedure . . .
“Faithfully administered in spirit, as my senior colleague and I are endeavoring to administer them, the new rules outlaw the sporting theory of justice from Federal courts.” 1 F.R.D. at p. 573.
All attorneys practicing under the Montana Rules of Civil Procedure should come to know that the guidepost of practice under the rules is full disclosure of law and fact. This is most effectually done by adherence to pretrial procedure. At that time, as the Court said in Burton, supra:
“ 1. Parties are expected to disclose all legal and fact issues which they intend to raise at trial, save only such issues as may involve privilege or impeaching matter. As to these two exceptions disclosure may be made to the judge conducting the pretrial hearing without disclosure to opposing counsel, and a ruling will be made on the exception claimed.
“The test to be applied on impeaching matter or any factual issue, which counsel feels should not be disclosed to his opponent in advance of [the] trial, is the simple one — whether disclosure or nondisclosure will best promote the ends of justice. That is for the judge conducting the pre-trial hearing to determine.” 1 F.R.D. at 572.
The day is gone when the prototype old fashioned attorney produced the hidden witness at trial or the uncited but decisive case and left the opposing attorney lying bloody on the courtroom floor. *214 Justice is achieved, under the spirit of our modern rules, by full and open disclosure of law and fact. The statements in Burton were approved in the Ninth Circuit Court of Appeals in Walker v. West Coast Fast Freight Inc. (9th Cir. 1956), 233 F.2d 939.