74402. DUBBERLY et al. v. P. F. MOON & COMPANY, INC.
(361 SE2d 223)

BEASLEY, Judge.

This case is about a number: it was a jury question whether the agreed number was 1 or 2. On this determination rode $11,306. Defendants appeal, with new counsel, from the judgment conforming to the jury verdict for that amount plus attorney fees, and from denial of a new trial.

P. F. Moon & Company, Inc. (Moon) constructs sewage treatment plants and decided to bid on a new plant in response to the City of Vienna's published call for bids. Three days before the bid date, Moon was called by Michael Dubberly who indicated that he, on behalf of Pump & Equipment Company, a partnership composed of Michael and his brother David, wanted to submit a price for the pumps to be used on the project. Three types of pumps were specified: influent, transfer, and irrigation. The dispute concerns the num-

ber of pumps of each type included in the quote given by Dubberly. The Dubberlys' position was that Michael gave Phillip Moon, president of Moon, a price for a single pump of each type. Moon insists that the prices were for two pumps of each type and were listed separately as line items.

There was evidence of the following. The specifications for the job required two pumps of each type, and Dubberly admitted he had a copy of that portion of the specifications dealing with the irrigation pumps when he called Moon. Moon did not consider the price given for the influent pumps because the brand which Dubberly bid was not approved by the engineer on the project. He did consider the irrigation and transfer pump prices and wanted to use them in the bid. These two prices were substantially lower than the others he received and for that reason Moon telephoned defendants the day of the bid to confirm these prices. Due to Michael Dubberly's absence, he spoke to David Dubberly and told him that he was concerned because of the disparity. He asked if the prices were for pairs of pumps and David confirmed that they were. Moon noted this on the telephone bid sheet made during his previous conversation with Michael.

These prices were included as part of Moon's bid, which was accepted by the city. The next day, David was told by Moon that their price had been used and that they should give written confirmation so that Moon could issue the purchase order. Moon said David again confirmed that the prices were for pairs. About a week later, the Dubberlys disputed that the prices were for pairs and refused to provide the pumps at the prices quoted. Moon was obligated to provide to the city the pumps specified in the bid, which cost an additional $11,306 above the quoted prices. Moon sued.

1. Prior to trial, Moon sought in limine to exclude from trial any reference to the total contract price of its prime contract with Vienna or to the amount of profit Moon made on the job, as irrelevant to the issues. No written opposition to the motion was filed by the Dubberlys. The granting of this motion is the subject of Enumeration 1.

At the beginning of the trial, the court agreed that these facts were not relevant and indicated that it would grant the motion. However, the court specifically instructed counsel for the Dubberlys that if at some point in the trial counsel believed these facts became relevant, he should resurrect the matter and the court would reconsider admissibility. At no time during the trial was any question asked by the Dubberlys concerning the total contract price or the profit made on the job by Moon, nor was a proffer made as to the nature of such information, nor its relevance explained.

The court's ruling excluding the evidence was expressly not final. In effect, the court exercised the discretion it has to reserve ruling on the admissibility of evidence until it is offered at trial. *Wiggins v.*

*State*, 249 Ga. 302, 303 (1) (b) (290 SE2d 427) (1982). The failure to offer the desired evidence at trial as invited, and to display its content, precluded the trial court's ruling on its admissibility in the context of the evidence presented up to that stage, so of course there is no ruling in that regard for us to review. Appellant simply failed to preserve the objection. See *Morris v. Southern Bell Telephone Co.*, 180 Ga. App. 145 (1) (348 SE2d 573) (1986); *Baranan v. Fulton County*, 250 Ga. 531, 534 (3) (299 SE2d 722) (1983).

Nor can we review the initial ruling on the admissibility of the evidence, as defendants did not develop that evidence on the record or show its relevancy, and we cannot surmise these. *Mulcay v. Mulcay*, 223 Ga. 309 (2) (154 SE2d 607) (1967); *Shearson/American Express v. Hardy*, 171 Ga. App. 471, 474 (3) (320 SE2d 257) (1984). See *Campbell v. State*, 149 Ga. App. 299, 300 (2) (254 SE2d 389) (1979). "The exclusion of admissible testimony does not constitute reversible error unless the trial court is informed of what the witness would have said and how the testimony would have been material. [Cit.]" *Fruin-Colnon Corp. v. Air Door*, 157 Ga. App. 804, 808 (278 SE2d 708) (1981).

2. The second enumeration complains of the court's sustaining plaintiff's objection on relevancy grounds to defendants' eliciting testimony of Michael Dubberly's military service record and of the court's comments, in explanation of the ruling, that the law treats all equally and that a person's character and background are not generally relevant. As to the first: after the objection was sustained, defendants made no proffer of what the evidence might be so that the court could determine its relevancy. There is nothing for us to review. *Mulcay*, supra; *Shearson/American Express*, supra. As to the second: after the court made the statement, no objection was made, and thus there is no ruling for us to review. *Walker v. Bishop*, 169 Ga. App. 236, 242 (9) (312 SE2d 349) (1983). Moreover, what the court said was a correct statement of the law. OCGA § 24-2-2. See also Suggested Pattern Jury Instructions, Vol. I, Civil Cases, 2d ed. 1984, I. C., p. 3. It was not a violation of OCGA § 24-9-80, making witness credibility a jury question, as appellants contend, nor of OCGA § 9-10-7.

3. The third enumeration asserts it was error to submit the issue of attorney fees to the jury under OCGA § 13-6-11 because there was no evidence to support such an award. No motion for directed verdict under OCGA § 9-11-50, which was the appropriate mechanism to avert the submission, was made by defendants. The court was not required to omit the matter from the jury's consideration sua sponte. See *Associated Software Consultants v. Wysocki*, 177 Ga. App. 135, 136 (1) (338 SE2d 679) (1985). Moreover, there was sufficient evidence to create a jury issue. See *Thompson Enterprises v. Coskrey*, 168 Ga. App. 181, 184 (1) (308 SE2d 399) (1983); *Jackson v. Brinegar*,

*Inc.*, 165 Ga. App. 432, 436 (2) (301 SE2d 493) (1983).

4. Defendants also complain that the jury was not charged on the duty of plaintiff to mitigate damages. They filed no request on this issue. The trial court did charge a correlative, as defendants requested, that if the jury found that plaintiff had "magnified or exaggerated his alleged damages . . . on account of his interest in the suit, . . . it is your duty to disregard the evidence given . . . as the same is unjustly magnified or unjustly increased." Upon inquiry by the court as to objections after the charge was given, defendants' counsel stated they had none.

Unless the failure to give a charge on mitigation of damages was a substantial error which was harmful as a matter of law, so as to be considered under OCGA § 5-5-24 (c), the failure is not reversible. *Hamrick v. Wood*, 175 Ga. App. 67, 68 (2) (332 SE2d 367) (1985). The charge as given here was sufficient so that the absence of the unrequested charge was not harmful, as a matter of law. Even where objection is made that a requested charge was not given, but the objection is not a proper one, the rule of OCGA § 5-5-24 (c) applies. *Cox v. Cantrell*, 181 Ga. App. 722, 724 (4) (353 SE2d 582) (1987).

5. Finally, defendants urge that denial of their motion for new trial on the general grounds, as well as some grounds already discussed, was error. The basis for this argument is their claim of insufficient evidence that a contract had been entered into. Defendants did not rely on mutual mistake of fact, OCGA § 13-5-4, nor did they seek equitable rescission, OCGA § 23-2-31. "The grant or denial of a motion for new trial . . . is a matter within the discretion of the trial court and will not be disturbed . . . if there is 'any evidence' to authorize it." *Associated Software*, supra, 137; *Commercial Artservices v. Buchtal Corp.*, 180 Ga. App. 305, 306 (348 SE2d 768) (1986).

Here, because of conflicting testimony, the question was one of credibility, as to whether the price quoted was for single pumps or pairs. Such a question is one for the jury, OCGA § 24-9-80, and it cannot be said that there is no evidence to support the trial court's denial of the motion for new trial.

*Gainesville Glass Co. v. Don Hammond, Inc.*, 157 Ga. App. 640 (278 SE2d 182) (1981), relied upon by defendants, does not require a different result. In that case there were offers and counteroffers, and the Court found that there was insufficient evidence to show that the outstanding counteroffer had ever been accepted. Here there was but one offer, and it was accepted. An aspect of its terms was disputed, and that was for the jury to decide, there being some evidence either way.

6. Plaintiff has filed a motion for damages pursuant to OCGA § 5-6-6. Our review of the record and the nature of the appeal do not persuade us that "the case was taken up for delay only." The motion

is denied.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 15, 1987.

*John R. Calhoun,* for appellants.
*David B. Kitchens,* for appellee.