A95A1822. BAGLEY v. CSX TRANSPORTATION, INC.
(465 SE2d 706)

RUFFIN, Judge.

Dewey Edward Bagley sued CSX Transportation, Inc. and numerous manufacturers of products containing asbestos for injuries resulting from his exposure to asbestos while working for CSX and its predecessor railroads. Bagley alleged that CSX failed to warn him of the hazard posed by asbestos or protect him from exposure to it. Prior to trial, all defendants except CSX had either settled, been dismissed or granted summary judgment. At the close of Bagley's evi-

dence, CSX moved for a directed verdict on the ground that Bagley's evidence did not show that the railroad had knowledge of the danger exposure to asbestos posed for its employees. The trial court granted the motion, holding that Bagley had presented insufficient evidence to show the railroad was negligent. For reasons which follow, we affirm.

1. "To prevail on a FELA claim, a plaintiff must 'prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.' [Cit.]" *Adams v. CSX Transp.*, 899 F2d 536, 539 (6th Cir. 1990). A "[r]easonable foreseeability of harm is an essential ingredient of [FELA] negligence." (Citations and punctuation omitted.) *Green v. River Terminal R. Co.*, 763 F2d 805, 808 (6th Cir. 1985). Therefore, Bagley was required to prove that CSX knew or should have known that his exposure to asbestos dust placed him at a risk for contracting asbestosis, yet failed to inform and protect him. See *Gallose v. Long Island R. Co.*, 878 F2d 80 (2nd Cir. 1989); *Wooden v. Missouri Pacific R. Co.*, 862 F2d 560 (5th Cir. 1989).

Applying these principles to the evidence at trial, the transcript shows that Bagley introduced the minutes from annual meetings in the 1930's and 1950's of the Medical and Surgical Section of the American Railway Association, a railroad trade association. The minutes showed that physician representatives from either one or both of CSX's corporate predecessors, Atlantic Coast Line Railroad ("Atlantic") and Seaboard Air Line Railway ("Seaboard") attended the meetings.

The minutes from the 1933 meeting state that the physicians discussed the following regarding asbestosis: "[P]ulmonary disorders [are] especially prevalent in employees engaged in dusty occupations. These conditions at present are being brought more and more to the attention of the industrial surgeon for systematic studies. Pneumoconiosis . . . is a condition that may be caused by any kind of dust entering the lung; but we as railroad surgeons are undoubtedly more interested in silicosis and asbestosis than in the other types. . . . Asbestosis is not a common condition but it causes extensive pulmonary fibrosis." The minutes also discussed ways to prevent pneumoconiosis.

In granting CSX's motion for directed verdict, the trial court found that Bagley had presented no evidence that the railroad's physician representatives had discussed the topics addressed at these meetings with the railroad. The court further found that the minutes standing alone were insufficient to put CSX on notice of the specific dangers of asbestos and how to prevent injury to the railroad's employees; thus, there was insufficient evidence for a jury to infer CSX was negligent.

Federal law controls whether the plaintiff's evidence is insuffi-

cient in a FELA case to present to the jury the issue of the defendant's negligence, thus demanding a verdict for the defendant. See *Seaboard Coast Line R. Co. v. Daugherty*, 118 Ga. App. 518 (1) (164 SE2d 269) (1968). "On motions for directed verdict . . . the Court should consider all of the evidence . . . in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Lamb by Shepard v. Sears &c. Co.*, 1 F3d 1184, 1187 (11th Cir. 1993). In a FELA case, "a directed verdict is possible only when there is a *complete absence* of probative facts supporting the nonmovant's position." (Citation and punctuation omitted; emphasis in original.) *Allen v. Seacoast Products*, 623 F2d 355, 360 (5th Cir. 1980) (Jones Act case applying standard under FELA). Thus, the question before us is whether there was a complete absence of probative facts supporting Bagley's claim against CSX.

As a preliminary matter, we agree that Bagley introduced no evidence that the railroad's surgeons reported back to the railroad on the subject of asbestos. However, because a jury could reasonably infer that this was the case, we find that the discussion of the hazards of asbestos and ways to prevent dust-induced lung disease evidenced in the minutes provide "some, if minimal, probative facts in the record to show knowledge on the part of [CSX's predecessors]." *Wooden*, supra at 564.

However, there is absolutely no evidence of record that CSX had actual or constructive knowledge of the topics discussed at meetings which took place before its formation. The evidence at trial showed only that Bagley began working for Seaboard in 1968 and that Seaboard and Atlantic later merged and eventually became CSX. Absent some evidence that CSX had knowledge of topics discussed at the meetings or that any knowledge acquired by Seaboard and Atlantic can, as a matter of law, be imputed to CSX, we find no probative facts to support the claim that CSX knew of the danger faced by employees exposed to asbestos or how to prevent the injury. Accordingly, the trial court did not err in granting CSX's motion.

2. Bagley contends the court erred in granting CSX's motion in limine to limit the introduction of medical and scientific literature from around the world concerning the hazards of asbestos to only that literature about which the railroad knew. The court granted the motion, ruling that no evidence of the medical and scientific literature regarding asbestos exposure was to be presented until Bagley provided "a proper foundation to show that the information set forth in the studies was actually known to CSX." Bagley contends the ruling excluded relevant evidence.

This enumeration is without merit. To begin with, the trial court did no more than require that a proper foundation be laid before Bagley attempted to have any of the articles admitted into evidence.

"The court's ruling excluding the evidence [until such showing was made] was expressly not final. In effect, the court exercised the discretion it has to reserve ruling on the admissibility of evidence until it is offered at trial. [Cit.]" *Dubberly v. P. F. Moon & Co.*, 184 Ga. App. 221, 222 (1) (361 SE2d 223) (1987). Furthermore, Bagley made no proffer as to what the desired evidence would show. Thus, there is nothing for us to review. Id. As we examine the record for error, we must be ever cognizant of that special relationship error has with harm. If there is none, the trial court must be affirmed.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

### On Motion for Reconsideration.

On motion for reconsideration, Bagley argues that a successor corporation assumes the liabilities of its corporate predecessor when the transaction resulting in the successor corporation was a merger. See *Bullington v. Union Tool Corp.*, 254 Ga. 283, 284 (328 SE2d 726) (1985). But Bagley presented no evidence that CSX was the result of a merger rather than an outright sale. The only testimony in this regard was that in the late 1960's Seaboard and Atlantic Railroads merged and "eventually came to be what is known today as CSX." Moreover, in its answer to Bagley's complaint, CSX specifically denied it was a successor in liability to Seaboard.

*Motion for reconsideration denied.*

DECIDED NOVEMBER 27, 1995 —
RECONSIDERATION DENIED DECEMBER 19, 1995 —

*Lane & Gossett, C. Darrell Gossett*, for appellant.
*Jordan & O'Donnell, Randall A. Jordan, Christopher J. O'Donnell, Steven P. Bristol*, for appellee.