PER CURIAM.
Appellant, Florida East Coast Railway (FEC), appeals an adverse judgment in favor of its former employee, appellee, John W. Osborne (Osborne). We reverse.
Osborne brought this action under the Federal Employer’s Liability Act claiming he *725 was exposed to dust from insulation material that contained asbestos at the FEC worksite for several years. A review of the record reveals Osborne introduced no evidence to show that FEC had any reason to know of the dangers posed by asbestos during the period when Osborne was allegedly exposed.
In the absence of a showing that the FEC knew or had reason to know of of the alleged hazard, no claim of negligence existed as a matter of law, and FEC was entitled to a judgment in its favor. See Inman v. Baltimore & Ohio R. Co., 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198 (1959); Rubley v. Louisville & Nashville R. Co., 208 F.Supp. 798 (E.D.Tenn.1962); Santoro v. Lehigh Valley R. Co., 148 F.Supp. 594 (D.C.N.J.1957); Bagley v. CSX Transp., Inc., 219 Ga.App. 544, 465 S.E.2d 706 (1995). This disposition renders it unnecessary to address the remaining issues on appeal. Accordingly, we reverse the judgment below with directions to the trial court to enter a directed verdict for FEC.
Reversed and remanded with directions.
SCHWARTZ, C.J., and GERSTEN, J., concur.