## Louisville & Nashville Railroad Company v. Sawyers.

(Decided April 26, 1916.)

### Appeal from the Whitley Circuit Court.

1. Master and Servant—Assumption of Risk—Appliances.—The master is under no duty to prevent his servant from becoming overheated while engaged in his work, and if there is no defect in the place or appliances or material used or danger in the manner in which he is required to do the work there can be no recovery; and such injury received by the employe is incidental to the work he is engaged in, and he assumes such risks.

2. Master and Servant—Overwork—Injury From.—Every man is presumed to be the best judge of his own physical strength and powers of endurance and to know better than any other can when their limit has been reached, and when, in following his own instinct of self-preservation, he must desist and exercise his right under the law to give up his work; therefore, there can be no recovery by an employe who has been overworked at his particular job because another employe having the same job at other hours of the day, neglected his work.

H. H. TYE and BENJAMIN D. WARFIELD for appellant.

ROSE & POPE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellee brought this suit for personal injuries against appellant alleged to have been suffered by him on account of its negligence.

The substance of his complaint is contained in the following allegations in his petition, to-wit:

"That on or about the 14th day of July, 1914, while in the employment of the defendant company, as a shoveler and mover of sand in the defendant company's sand pits, in Corbin, Kentucky, and while in the line of his employment, and while in the exercise of ordinary care for his own safety, that he was severely, permanently and painfully injured by becoming too hot, and by being overworked as a shoveler and mover of sand in the defendant company's sand pits in its railroad yards, at Corbin, Whitley county, Kentucky; that by reason of his becoming overheated, which was done by the gross negligence and carelessness of the defendant company, its agents, employes and servants superior to plaintiff in charge of said work" he received the injuries complained of.

The company answered controverting the allegations of the petition and pleading assumed risk.

A trial resulted in a verdict and judgment of $3,000.00 for the plaintiff and the company has appealed.

There was no demurrer filed to the petition, but on the trial the defendant asked for a directed verdict at the close of the plaintiff's testimony and again at the close of all of the evidence, and whether it was entitled to have these motions sustained is the only question necessary to be passed upon.

The evidence showed that the plaintiff was about forty-nine years of age and had previously been a strong and vigorous man and accustomed to manual labor; that he had been employed by the defendant in various capacities for more than ten years, and that for about four and one-half years prior to the occasion referred to in the pleadings had been engaged at work in the sand house. His duty at that place was to dry the wet sand so that it might be prepared for use in the sand boxes on locomotives, and in doing so it was necessary for him to shovel the wet sand through screens and into stove drums wherein it was dried, and also at times to

put the sand in buckets and lift it into a position from which it was taken by others and put into the sand boxes on the engines. Two men were employed at the sand house, one a day man who worked from six in the morning until six p. m., and another, a night man, who worked from six p. m. until six a. m. At the time referred to in the pleadings appellee was the day man. The evidence further tends to show that at times during the four years and one-half appellee was engaged at the sand house the night men, of whom there were several during that period, did not do as much work as they ought to have done, in consequnce of which the plaintiff, the day man, had to do more than his share of the work, and the plaintiff was permitted to testify that at various times during the four and one-half years he complained to his superiors of the alleged failure of the night men to do their share of the work; that on the day plaintiff was taken ill he worked at the sand house up to within a few minutes of quitting time, but he complained just before quitting that he was feeling bad and went home and went to bed and was quite seriously sick for some time. There is no claim by him in his evidence that he was overheated or that he hurt himself or strained himself in his work or that he was wounded in any way by any accident.

If the case is to be treated as one seeking a recovery because the plaintiff became overheated while engaged in his work it is clear that there can be no recovery under the principles laid down in the recent case of L. & N. R. R. Co. v. Williams, 165 Ky. 386. That was an action wherein the plaintiff sought damages because of the alleged negligence of the defendant in permitting him to become overheated while at work in a cinder pit. The court in that case in denying a recovery said:

"The master is under no duty to prevent his servant from becoming overheated at his work, resulting from atmospheric or weather conditions, as they are matters entirely beyond his control. In such case, while the servant may not always certainly know how to keep himself within the limits of safety, he is better able to judge than anyone else how much heat he can safely stand, how it affects him, and when his endurance reaches a point beyond which he ought not, for his own safety, to continue at work. For these reasons it is for him and not the master to determine whether he shall engage in

the work at all; or, if so, how energetically, and when he should rest or quit. If this were not true an employer could never afford to employ a laborer to do work at which there was any probability of his becoming overheated; and it is not to be overlooked that in operating furnaces, engines, and over-heat producing machinery or appliances, there is always more or less danger to the operatives of becoming overheated, and the same is likewise true of farming and other occupations which compel the laborer to be exposed to the heat of the sun. There being in this case no defect in the place, appliances, or material in, or with, which appellee worked, or danger in the manner in which he was required to perform the work, there can be no just complaint that there was a failure on the part of the appellant to use ordinary care to furnish him a reasonably safe place to work. The facts, therefore, authorized the application of the doctrine of assumed risk, for the injuries he sustained were such as resulted from no fault of appellant or its foreman, but from a cause or causes purely incidental to the risk he assumed by continuing the work.''

That case is also reported in L. R. A. 1915 E. (N. S.), with notes by the author approving it and citing other authorities.

But if under the allegations of the petition the action could be properly treated as one for damages because the plaintiff was overworked or was required to overtax his physical strength, the same result must be reached.

The case of Sandy Valley & Elkhorn R. Co. v. Tackitt, 167 Ky. 756, was an action for damages alleged to have been suffered by the plaintiff because of the negligence of the defendant in directing him to operate a jack alone and in failing to furnish a sufficient force to properly operate the same. The court in that case, after distinguishing it from another class of cases relied upon by the plaintiff therein to support a recovery, said:

''In the case at bar, however, plaintiff was not placed in a position where he was required to sustain an unexpected weight. The jack was stationary and was operated by means of a lever which plaintiff could release at any time without danger. It is simply a case where the servant, with knowledge of the fact that he was not equal to the task, overstrained himself. It is the general rule that a servant is the best judge of his physical

strength, and the duty is on him not to overtax it. Therefore, if he misconceives the amount of strength required to accomplish the task and overstrains himself, the master is not liable. It may be doubted if the remarks of the foreman in this case amounted to anything more than the mere expression of an opinion; but, even if it be conceded that they amount to an expressed command to plaintiff to operate the jack alone, that fact does not alter the rule. Such remarks did not authorize plaintiff, when he found that he was not equal to the task, to persist in the attempt until he was injured by overtaxing his own strength, of which he was the best judge. Worlds v. Georgia R. Co., 99 Ga. 283, 25 S. W. 646; Leitner v. Grieb, 104 Mo. App. 173, 77 S. W. 64; Ferguson v. Phoenix Cotton Mills, 105 Tenn. 236, 61 S. W. 53; Roberts v. Indianapolis Street R. Co., 158 Ind. 634, 64 N. E. 217; Stenvog v. Minn. Transfer R. Co., 108 Minn. 199, 121 N. W. 903, 25 L. R. A. (N. S.) 362; L. & N. R. R. Co. v. Williams, 165 Ky. 386.''

It is a pathetic thing to see a trusted employe, who has faithfully toiled in the service of his employer until he has reached the limit of his physical endurance, cast adrift; but until there has been a revolution in our whole industrial system such things must be. It is an inexorable decree of nature that worn-out things, no matter what may have been their value in the past, shall be cast aside.

The only safe and practical rule is that each man is the best judge of his own physical strength and powers of endurance; that he knows better than any other can, when the limit has been reached and when, in following his own instinct of self preservation, he must desist and exercise his right under the law to give up his work if it is more than he can stand.

In either view of the case the motion for a directed verdict should have been sustained.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.