24589.   RYDER v. SCHREEDER et al.

SUBMITTED MAY 15, 1968—DECIDED JUNE 20, 1968.

*Victor K. Meador, N. T. Anderson,* for appellant.
*Nall, Miller, Cadenhead & Dennis, Thomas S. Carlock, A. Paul Cadenhead,* for appellees.

MOBLEY, Justice.   In an equitable action by Mrs. Margaret S. Ryder against Mrs. Margaret B. Schreeder and Dr. John M. Schreeder, the trial court granted the motion of the defendants for summary judgment, and denied the motion of the complainant for summary judgment.   The complainant appealed from these judgments.

■   Motion to dismiss the appeal has been filed because the enumeration of errors was filed four days after the time required by the rules of this court.   Providential cause having been shown for the failure to file the enumeration of errors within the time required, the motion to dismiss is denied.

■   The amended complaint alleged: Mrs. Margaret B. Schreeder is the mother of the complainant.   Dr. John M. Schreeder is the brother of the complainant, and is acting as agent, with power of attorney, for Mrs. Schreeder.   In January, 1957, Mrs. Schreeder acquired described real property, subject to a security deed.   In March, 1957, Mrs. Schreeder "gave and turned over said real property to plaintiff . . . surrendering possession of same to plaintiff (who took possession of same at said time in March, 1957) and telling and causing plaintiff to occupy same as her own (which plaintiff accordingly forthwith did) and assuring plaintiff that said property and its use and enjoyment would be and were plaintiff's permanently and abso-

lutely from that time, subject only to said security deed—urging and causing plaintiff accordingly to maintain, repair, and improve the property as her own and to pay (almost all of) the instalments upon said note against the property as they became due from said time." For about two or three years after the complainant took possession of the property she paid to Mrs. Schreeder $54.93 per month to cover the loan payments, and thereafter she paid her $75 per month to cover the loan payments, taxes, and insurance. The loan on the property has been reduced from $7,119.23 to about $1,938.87, most of the payments having been made by the complainant. The complainant has made specified repairs and improvements on the property. About 1960, she desired to add two rooms to the house, and she asked Mrs. Schreeder to place the record title in her, subject to the security deed. Mrs. Schreeder objected to this, because she feared that the complainant would involve herself too much for her financial ability and lose the property, but said that it was her intention to will the record ownership of the property to the complainant. On further urging by the complainant, Mrs. Schreeder agreed at some later date, when the complainant was better situated financially, to enter into an agreement with her and a loan company, whereby Mrs. Schreeder would make a deed to the complainant, and the complainant would make a note and security deed to the loan company for whatever was necessary for her purposes and also for $2,000 which would be paid to Mrs. Schreeder. Mrs. Schreeder delayed such transaction in spite of repeated requests by the complainant. In April 1967, Dr. Schreeder, representing Mrs. Schreeder, demanded that the complainant and her husband enter into an agreement whereby a loan would be obtained by the complainant and her husband, upon the security of the described property, and the complainant would pay to Mrs. Schreeder an amount far in excess of the $2,000. The defendants threatened that should the complainant not carry through such arrangement, they would have her summarily dispossessed. A copy of the contract which the parties entered into is attached to the complaint. Dr. Schreeder convinced the complainant that she had no rights in the property which she could enforce, since she had nothing in

writing, and she reluctantly signed the contract, not noting that it recited that she rented the property. The loan necessary to carry out the contract could not be obtained, and the contract was abandoned by the parties. Dr. Schreeder has made formal demand for possession of the property and threatens to dispossess the complainant. Because of her poverty she is unable to make bond to be filed with counter affidavit to prevent such dispossession. The defendants have declared to her their intention to sell the property to an innocent purchaser for value who would not know of the complainant's rights in the property.

The prayers were: that the court adjudge the complainant the equitable owner of the property; that the defendants be restrained and enjoined from dispossessing her; that the court require Mrs. Schreeder to join with the complainant in an agreement to obtain a loan to pay off the balance of the security deed, or to pay Mrs. Schreeder the amount of $2,000, as may appear just and proper, and for Mrs. Schreeder to make deed to the complainant; that there be an accounting between the parties; that the contract attached as an exhibit to the complaint be declared void and canceled as a result of mistake and duress; and for further relief. The supplemental complaint sought relief in connection with the dispossession of the complainant at a time when a restraining order was in effect.

"A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both." Ga. L. 1966, pp. 609, 619-620 (*Code Ann.* § 81A-108 (e) (2)).

The complaint alleged a parol gift of land by a mother to her daughter, surrender of possession under the gift, and valuable improvements made on the faith of the gift, which would authorize the prayer for a declaration that the complainant is the equitable owner of the property. See *Sikes v. Seckinger,* 164

Ga. 96 (1) (137 SE 833); *Aultman v. Gibson,* 172 Ga. 877 (1) (159 SE 285); *Sharpton v. Givens,* 209 Ga. 868 (1) (76 SE2d 806); *Parker v. Parker,* 214 Ga. 509 (3) (105 SE2d 742); *Owens v. White,* 218 Ga. 1 (3) (126 SE2d 425). The complainant had a right to prove this claim, even though her complaint sought other relief which could not be granted. The deposition of the complainant, introduced by the defendants on their motion for summary judgment, and the complainant's affidavit made an issue as to this parol gift, possession thereunder, and valuable improvements made on the faith of the gift.

It is contended by the defendants that the complainant is estopped to claim a parol gift of the property because of the written contract of sale executed by her on April 17, 1967, which she attached to her complaint. They invoke the rule that where parties reduce their agreement to writing, all oral negotiations antecedent thereto or contemporaneous therewith are merged into, terminated, and extinguished by the writing, and parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. *Thompson v. Arrington,* 209 Ga. 343 (2) (72 SE2d 293); *Code* § 38-501. The defendants also contend that this contract could not be set aside on the grounds asserted by the complainant.

The contract was signed by the complainant and her husband, as buyers, and by the defendants, as sellers, and it recited, in part, as follows: "Seller, Margaret B. Schreeder, having rented this property to her daughter, Margaret Schreeder Ryder, buyer, for several years, accepts as payment on principle [principal?], $3,500 of the purchase price as equity paid to her. The remaining $7,000 of the purchase price of $10,500 less the balance of the outstanding note and loan deed to First Federal Savings and Loan Association of the date of closing shall be paid to the seller in cash."

The complainant alleged that this contract was abandoned by all parties, and she deposed that she was financially unable to perform under the contract. The defendants are not attempting to enforce the contract, but rely on the statement in it that the complainant was renting from Mrs. Schreeder to estop the complainant from claiming that a gift was made.

"Parol evidence shall be admissible to show that the writing was either originally void or subsequently became so." *Code* § 38-503. If the parol gift was made, as claimed by the complainant, it became irrevocable by the possession of the complainant and the making of valuable improvements on the faith of the gift. *Sharpton v. Givens,* 209 Ga. 868, supra. A subsequent contract of sale between the same parties would be a nullity. Therefore, if the evidence of the complainant in regard to the gift should be believed by a jury, the subsequent written contract would not defeat her action.

While the testimony of a party offering himself as a witness in his own behalf is to be construed most strongly against him when it is contradictory, vague, or equivocal (*Davis v. Akridge,* 199 Ga. 867 (2) (36 SE2d 102); *Partain v. King,* 206 Ga. 530 (1) (57 SE2d 617)), the statement in the contract that the complainant rented the property from her mother, when considered in connection with the explanation given in her deposition and affidavit of her misapprehension of the effect of the parol gift and the circumstances surrounding the signing of the contract, is not such an admission on her part as would require a jury to find that her contention concerning the parol gift was contradicted by the contract. "The credibility of a witness is a matter for determination peculiarly and exclusively by the jury under proper instruction of the court. *Code* § 38-1805; *Hancock v. Wilson,* 214 Ga. 60 (2) (102 SE2d 551), and cases cited therein." *Neal v. Dover,* 217 Ga. 545 (9) (123 SE2d 760).

The pleadings, deposition, and affidavits considered on the motions for summary judgment made an issue of fact which should be determined by a jury, and the trial judge erred in sustaining the motion of the defendants for summary judgment.

Under Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238 (*Code Ann.* § 81A-156 (h)), an order denying summary judgment is not subject to review "by direct appeal or otherwise," unless within ten days of the order of denial the trial judge certifies that the order denying summary judgment should be subject to review. The foregoing rulings on the grant of the motion for summary judgment of the defendants, holding that an issue of fact remained in the case for determination by a

jury, would have the effect of adjudicating that the motion for summary judgment of the complainant was properly denied.

Judgment reversed. All the Justices concur.