71986. BROOKS v. SOUTHERN RAILWAY COMPANY.

(343 SE2d 143)

DEEN, Presiding Judge.

On August 6, 1984, the appellant, James Earl Brooks, was employed as a laborer by the appellee, Southern Railway Company. Early that morning he and another employee lifted a 3 inch by 10 inch by 16-½ feet scaffolding board which weighed between 200 and 250 pounds. Although Brooks employed the safe lifting methods prescribed by the appellee, upon raising his end of the board he felt a painful snapping in his lower back and fell to the ground. Shortly thereafter he reported his injury to his foreman, who assented to Brooks' request for permission to try to "walk off" the pain but made no further inquiry or offer to procure medical treatment. Although in pain, Brooks attempted to work the remainder of the day. At approximately 2:00 p.m. and 5:00 p.m., Brooks reported the injury to his assistant supervisor, with no response. The following morning Brooks awoke stiff, in pain, and unable to move. Subsequent medical treatment revealed a herniated disc in his lumbar spine, which ultimately required surgery in October 1984.

Prior to his injury, Brooks had worked as a laborer with the appellee for several years, during which time he had lifted similar scaffolding boards on numerous occasions. He had never requested additional help with lifting these boards, and in fact had not been worried about overexertion at the time of the injury. A locomotive crane was on the job site, but it was used primarily for pile-driving and occasionally lifting materials too heavy to be handled manually; the appellee considered this crane unsuitable for lifting single scaffolding boards because such boards lacked sufficient weight even to stretch the crane's cable.

Brooks commenced this action against the appellee, pursuant to the Federal Employers' Liability Act, 45 USCA § 51 et seq., contend-

ing that the appellee had caused his injury by its negligent failure to maintain a safe work place. This appeal follows from the trial court's grant of summary judgment for the appellee. *Held*:

Under the Federal Employers' Liability Act, supra, the appellee would be liable to Brooks for any injury suffered by Brooks as a result of the appellee's negligence. *Rogers v. Missouri Pacific R. Co.*, 352 U. S. 500 (77 SC 443, 1 LE2d 493) (1957). An employer has a non-delegable duty to exercise reasonable care to provide employees with a safe place to work, *Shenker v. Baltimore & Ohio R. Co.*, 374 U. S. 1 (83 SC 1667, 10 LE2d 709) (1962); *Atlantic Coast Line R. Co. v. Thompson*, 213 Ga. 70 (97 SE2d 135) (1957), and this duty may include furnishing employees with adequate equipment and sufficient crew to perform an assigned task.

The United States Supreme Court has noted that "[t]he likelihood of injury to men pulling or lifting beyond their capacity is obvious." *Stone v. New York, &c. R. Co.*, 344 U. S. 407, 409 (73 SC 358, 97 LE 441) (1952). Before an employer may be held negligent and thus liable under the Federal Employers' Liability Act for an employee's injury in such a situation, however, it must be shown that the employer knew or had reason to know that the employee was in a position of pulling or lifting beyond his capacity. In *Stone*, for example, despite the employee's protestation that he was pulling on a rail tie as hard as he could, the foreman demanded that he pull harder; complying with that command, the employee injured his back.

In the instant case, however, there was no basis for the employer to suspect that Brooks was lifting beyond his capacity. Rather, the obvious and uncontroverted fact was that Brooks and the other laborers had routinely, manually lifted the scaffolding boards (of approximately the same size and weight) in the manner in which Brooks and his co-worker had done on the day of the injury. None of the laborers, including Brooks, had ever complained of any excessive difficulty in performing that task, and Brooks himself admitted that before the injury he had not considered lifting such scaffolding boards beyond his physical capacity. In short, under the Federal Employers' Liability Act, an employer is not an insurer of his employee's safety, and, there being absolutely no basis for finding that Brooks' acute injury resulted from any negligence of the employer, the appellee was entitled to summary judgment to this extent. Compare *Southern R. Co. v. Welch*, 247 F2d 340 (6th Cir. 1957).

Brooks also contends that at least an issue of fact exists over whether the appellee should be liable for aggravation of his injury by virtue of the failure of both his foreman and the assistant supervisor to procure medical treatment on the day of the injury and because they allowed him to continue working after the injury. It may be that " '[t]he only safe and practical rule is that each man is the best judge

of his own physical strength and powers of endurance; that he knows better than any other can when the limit has been reached, and when, in following his instinct of self-preservation, he must desist and exercise his right under the law to give up his work if it is more than he can stand.' " *Atchison, Topeka &c. R. Co. v. Perryman*, 192 P2d 670, 675 (200 Okl. 266, 271) (1948), quoting from *Louisville &c. R. Co. v. Sawyers*, 184 SW 1123, 1224 (169 Ky. 671, 675) (1916); see also *Davis v. Louisville &c. R. Co.*, 173 NE2d 749, 755 (Ind. 1961). It also may be that Brooks remained on the job site primarily of his own volition rather than because of some employer demand or expectation. Nevertheless, Brooks testified that on two occasions after the injury, he informed his foreman and assistant supervisor that he needed to go to the doctor; but that his complaint fell upon deaf ears. There was thus evidence that the employer was put on notice of some injury to Brooks' back, yet neither inquired as to the extent of the injury nor demonstrated any concern over it, and consequently allowed Brooks to try to work the entire day. No doubt Brooks himself had primary responsibility for failing to follow his instinct of self-preservation and remaining at work the entire day, but we cannot conclude as a matter of law that the employer's action did not contribute to the appellant's failure to seek prompt medical care and treatment and his attempt to continue working on the day of the injury.

This issue of fact becomes material by virtue of Brooks' contention that this activity and lack of prompt medical care following the acute injury served to aggravate the actual injury. None of the evidence really addresses this possibility, but Brooks was not required to adduce such evidence at this level of the proceeding unless the appellee first presented contrary evidence. The appellee having failed to present evidence refuting this possible basis of recovery, the trial court should not have granted summary judgment for the appellee to that extent.

*Judgment affirmed in part, reversed in part. Banke, C. J., McMurray, P. J., Birdsong, P. J., Sognier and Pope, JJ., concur. Carley, Benham and Beasley, JJ., dissent.*

BENHAM, Judge, dissenting.

Although I agree with the majority's conclusion that a question of fact exists concerning the aggravation of appellant's injury, I cannot agree that appellee is entitled to judgment as a matter of law with regard to liability for appellant's initial injury. For that reason, I must dissent.

Although railroads are not insurers of their employees, their duty to employees to provide a safe place to work includes, as the majority notes, the duty to furnish employees with adequate equipment and sufficient crew to perform an assigned task. The record in this case

contains directly contradictory evidence concerning the availability of sufficient crew and adequate equipment: appellant's evidence was that there was no one available to help lift heavy loads, and appellee's evidence was that there were other employees available to help; appellant's evidence was that a crane was available to lift the scaffolding but was not used for that purpose because supervisory personnel thought it too slow, while appellee's evidence was that the crane was not suitable for such light loads as the scaffolding appellant was lifting when he was injured; and appellant presented evidence that the determination of whether a load was too heavy was for supervisory personnel, but appellee's evidence showed that such decisions were left to individual judgment.

Considering these conflicts in the evidence regarding whether appellee met its duty to provide a safe workplace, I must conclude that summary judgment for appellee was not authorized. Accordingly, I would reverse the judgment and return this case to the trial court for submission of these issues to a jury.

I am authorized to state that Judge Carley and Judge Beasley join in this dissent.

DECIDED MARCH 19, 1986.

*William R. Moseley, Jr., J. Weldon Granger, Donald F. Ruzicka,* for appellant.
*Edgar A. Neely, Jr., Michael N. Weathersby,* for appellee.