74493, 74494. COOK v. SEABOARD SYSTEM RAILROAD, INC.; and vice versa.
(363 SE2d 56)

BENHAM, Judge.

Alleging that he was injured on his job with Seaboard System Railroad, Inc. (Seaboard), Cook brought an action under the Federal Employers' Liability Act (FELA), 45 USCA § 51 et seq. The primary allegation of negligence on which Cook based his action was that Seaboard failed to provide him with a safe place to work. Specifically, Cook testified at trial that he was required to traverse a path down a muddy embankment in the dark, carrying tools in both hands, resulting in a fall and a consequent injury to his back. The jury returned a verdict for Cook, but the trial court granted Seaboard's motion for judgment notwithstanding the verdict. In Case No. 74493, Cook appeals from the entry of judgment for Seaboard pursuant to the grant

of its motion. In Case No. 74494, Seaboard cross-appeals from the trial court's denial of its conditional motion for new trial.

1. One of the reasons the trial court gave for granting Seaboard's motion for j.n.o.v. was a lack of evidence that Seaboard was negligent or that Seaboard's negligence caused Cook's injury. Our review of the evidence, in light of the standard established by the U. S. Supreme Court in *Rogers v. Mo. Pacific R. Co.*, 352 U. S. 500 (77 SC 443, 1 LE2d 493) (1957), does not yield support for the trial court's holding.

"Under [the FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or *in part*' to its negligence." Id. at 506.

Although there was evidence presented at the trial of this case which would have authorized the jury to enter a verdict for Seaboard, it cannot be said that there is no evidence that Seaboard negligently failed to provide Cook with a safe workplace or that such negligence did not cause Cook's injury. The evidence established without contradiction that Cook was working for Seaboard at the time he alleged his injury to have occurred; that he was given the task of returning to the parking lot and bringing tools to the jobsite; that the path to and from the parking lot traversed an embankment and was unlighted; that Cook was not provided with a flashlight; that the other route available to him was one he had not previously traversed; and that he fell while carrying the tools down the embankment. Although there was other evidence to the contrary, the jury was authorized to find from Cook's testimony that the path down the embankment was slick, red mud and that it was too dark for Cook to see clearly where he was placing his feet. Those facts raise a question concerning whether Seaboard provided Cook with a safe workplace.

*Brooks v. Southern R. Co.*, 178 Ga. App. 361 (343 SE2d 143) (1986), cited by the trial court and by Seaboard, does not require a different conclusion. In that case, a majority of this court held that uncontroverted evidence that the employee was lifting, at the time of

his injury, a weight routinely lifted by him and by others proved a lack of foreseeability which entitled the employer to judgment as a matter of law. The question of foreseeability is not so easily answered in this case. Seaboard was obviously aware of the darkness since the work site itself was lighted, and if the path was, as Cook insists, slick, Seaboard was in a position to know that, too. Under those circumstances, we cannot say as a matter of law that Seaboard could not foresee injury to Cook as a result of the activities he was performing on its behalf.

2. The trial court put great emphasis on Cook's knowledge of the situation, and cited a number of Georgia slip-and-fall cases holding that the landowner's superior knowledge of the defect is a necessary element of proof in such cases. The trial court also put emphasis on Cook's failure to ask for a flashlight or to use a different path, holding that Cook's failure to exercise reasonable care for his own safety was the sole cause of his injuries.

Since we have held above that there was evidence authorizing a finding that Seaboard negligently failed to provide a safe workplace, the trial court's holding that Cook's own negligence was the *sole* cause of his injuries is clearly erroneous. To the extent that the trial court relied on Cook's equal knowledge of the hazards in walking on the dark path with his hands full, and on the causative impact of Cook's own negligence, it misapplied the FELA. Under that statute, "[t]he employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. The burden of the employee is met, and the obligation of the employer to pay damages arises, when there is proof, even though entirely circumstantial, from which the jury may with reason make that inference. The Congress when adopting the law was particularly concerned that the issues whether there was employer fault and whether that fault played any part in the injury or death of the employee should be decided by the jury whenever fair-minded men could reach these conclusions on the evidence." *Rogers*, supra at 507. This is one of those cases which should be decided, as it was, by a jury. The grant of Seaboard's motion for j.n.o.v. was error.

3. In Case No. 74494, Seaboard cross-appeals from the denial of its conditional motion for new trial. The chief argument on that issue was that the denial was inconsistent with the trial court's ruling that there was no evidence that Seaboard's negligence caused Cook's injury. We disagree.

It must be remembered that a trial court's grant or denial of a motion for new trial filed in conjunction with a motion for j.n.o.v. is conditional on an appellate court's reversal of the ruling on the mo-

tion for j.n.o.v. OCGA § 9-11-50 (c) (1). That is, the ruling never takes effect until an appellate court has reversed the grant of j.n.o.v. The trial court here granted j.n.o.v. on the ground that the evidence was insufficient, so it must be deemed to have assumed, in ruling on the motion for new trial, that the evidence *was* sufficient.

Still, Seaboard insists, the rulings are inconsistent because if the trial court thought that the evidence was insufficient, it must have thought that the verdict was against the weight of the evidence, and should have granted a new trial on that ground. OCGA § 5-5-21. However, the Code section provides specifically that such a decision is within the trial court's discretion. We find no abuse of that discretion.

The other ground asserted by Seaboard and addressed by the trial court in denying the conditional motion for new trial was the admission into evidence of the testimony of an expert witness for Cook. Seaboard's complaint is that the witness, an economist, based his testimony on two matters not in evidence: that Cook was incapable of employment by reason of disability, and that inflation would average 5 percent in the future. There was some evidence that Cook is totally unable to do work within his capabilities as they were before the fall, so any insufficiency in the factual foundation for the expert's testimony would, as the trial court held in its order denying a new trial, affect only the weight of the evidence, not its admissibility. *Woods v. Anderson*, 145 Ga. App. 492 (4) (243 SE2d 748) (1978). As to the use of a 5 percent inflation rate, the expert testified that it was his opinion that the inflation rate would continue at 5 percent in the future. That opinion was admissible and its use was not error. Id. We find no error, therefore, in the trial court's denial of Seaboard's motion for new trial.

*Judgment reversed in Case No. 74493. Judgment affirmed in Case No. 74494. Banke, P. J., concurs. Carley, J., concurs in Divisions 1 and 2 and in judgment.*

DECIDED NOVEMBER 13, 1987.

*Donald F. Ruzicka, William R. Moseley, Jr., David F. Walbert, David H. Bedingfield,* for appellant.
*Paul Oliver, H. Quigg Fletcher III,* for appellee.