75941. CURRIN v. SEABOARD SYSTEM RAILWAY, INC.
(371 SE2d 142)

BENHAM, Judge.

The issue presented is whether the trial court erred in granting partial summary judgment to Seaboard System Railway, Inc. ("Seaboard") in a Federal Employers' Liability Act ("FELA") claim wherein a railway employee contends that the negligence of Seaboard caused his injury.

Since this matter is before the court on a review of the trial court's grant of partial summary judgment, it is our duty to view the evidence in the light most favorable toward the party opposing the motion for summary judgment and give him the benefit of all reasonable inferences that can be drawn from the record. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442) (1962). With this statement in mind, we now turn to the record, which consists of the pleadings, motions, briefs, appellant's deposition, and the trial court's order.

This action was filed in the State Court of Fulton County by Alvin Clinton Currin, who contends that as an employee of Seaboard he suffered two injuries for which he is entitled to damages. The first injury, a lumbar strain, which is not the subject of this appeal, occurred on August 29, 1985, near Hamlet, N. C., while Currin was helping other workers lift a cart weighing over 1,000 pounds. The second injury was sustained some five days later on September 3, 1985. After the first injury, appellant was taken by his supervisor to the nearby town of Hamlet, where a company doctor examined him and prescribed medication. He was instructed to return for another doctor's visit on September 3, 1985, and placed on "light duty" status at his job. Appellant requested that he be allowed to see the company doctor in his home town of Henderson, N. C., since he was going home for the Labor Day weekend, but this request was denied and he was instructed to return to Hamlet, over 130 miles from his home, for the doctor's visit. Since the first injury occurred shortly prior to the

Labor Day weekend, appellant returned home for the holidays and returned to the railway camp site one day prior to the doctor's visit. Being on "light duty" status he had no tasks to perform other than answering roll call while waiting in the vicinity until time to go to the doctor. On September 3, 1985, while Currin was climbing elevated steps in an attempt to enter a railway camp car, he contends that he experienced back pain which caused him to fall and injure his knee. He later brought this tort action against Seaboard under 45 USCA § 51 et seq., alleging that the company's negligence caused his injuries on August 29 and September 3, 1985. The pertinent parts of his complaint allege that Seaboard was negligent in the following particulars: (1) failure to provide reasonably safe equipment; (2) failure to adequately supervise the manner and conditions of work; and (3) failure to provide a reasonably safe workplace. The trial court granted partial summary judgment to Seaboard on the September 3, 1985, injury and this appeal followed.

45 USCA § 51 (FELA) provides as follows: "Every common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

While the FELA does provide for a cause of action against the employer for negligent conduct which causes an injury to an employee, the Act does not make the employer an insurer of the employee for any injury he receives. *Seaboard &c. R. Co. v. Thomas*, 125 Ga. App. 716 (1) (188 SE2d 891) (1972). Nevertheless, the employer has a duty to provide the employee a reasonably safe workplace which includes safe conditions, tools, facilities, and supervision. *Headrick v. Kan. City &c. R. Co.*, 305 SW2d 478, 483 (Mo. 1957). That duty of providing a safe workplace also extends to providing a workplace which does not aggravate a pre-existing injury. *Massimiani v. Monongahela R. Co.*, 339 FSupp. 832, 833 (W. D. Pa. 1972). A determination must be made as to whether the employer's diligence was commensurate with the danger reasonably apprehended. *Williams v. Atlantic &c. R. Co.*, 190 F2d 744, 747 (5th Cir. 1951).

In determining that no genuine material issue of fact remains as to the September 3, 1985, injury, the trial court relied on *Brooks v. Southern R. Co.*, 178 Ga. App. 361 (343 SE2d 143) (1986). Appellee argues that the injury was not foreseeable; therefore, the trial court was correct in granting summary judgment.

" 'Under (the FELA) the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence

played any part, even the slightest, in producing the injury or death for which damages are sought . . . Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or *in part*' to its negligence.' " *Cook v. Seaboard &c. R.*, 184 Ga. App. 838, 839 (363 SE2d 56) (1987), quoting *Rogers v. Mo. &c. R. Co.*, 352 U. S. 500 (77 SC 443, 1 LE2d 493) (1957).

Appellant's deposition was the only testimony submitted with regard to the motion for summary judgment, and appellant states in his deposition, although somewhat equivocally, that he was pressured by the doctor and his supervisor to accept the "light duty" status, and that even though he requested to go to the company doctor in his home town, he was forced to travel to Hamlet, N. C., a distance of some 130 miles, over his objection. He further testified that the company pressured him into staying in the camp car with the attendant hazard of climbing up stairs and that there was a failure to provide anyone to help him negotiate the stairs.

We are unable to agree with the trial court that under these circumstances, this court's ruling in *Brooks v. Southern R. Co.*, supra, would authorize the granting of summary judgment to the employer. In *Fletcher v. Union Pacific R. Co.*, 621 F2d 902 (8th Cir. 1980), it was held that whether an assignment was negligent was a jury question. The same question exists in this case. Therefore, we must reverse the trial court's grant of summary judgment as to the September 3, 1985, injury.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1988 —
REHEARING DENIED JULY 8, 1988.

Gary F. Easom, C. Michael Hardman, for appellant.
*Paul Oliver, Leslie A. Dent,* for appellee.