77218. WYSE et al. v. POTAMKIN CHRYSLER-PLYMOUTH, INC.
(374 SE2d 785)

BANKE, Presiding Judge.

The appellants brought the present action to recover damages for the appellee's alleged fraud in connection with the sale to them of an automobile. The appellee moved for summary judgment on January 22, 1988, without requesting oral argument. However, the trial court nevertheless determined that a hearing should be held on the motion and on January 27, 1988, issued an order directing the appellants to appear in court on April 8, 1988, to show cause why the motion should not be granted. On April 7, the day prior to the scheduled hearing, the appellants filed their response to the summary judgment motion, along with a supporting affidavit. The hearing scheduled for April 8 was apparently cancelled; and on April 11, the trial court entered an order granting summary judgment to the appellee. In doing so, the court ruled that the appellants' response to the appellee's motion was untimely and could not be considered because it had not been filed within 30 days of the appellee's motion, as required by Rule 6.2 of the Uniform Rules for the State Courts. The trial court indicated in its order that it had taken the case "under advisement" on April 4, 1988 — i.e., four days prior to the scheduled hearing and three days prior to the filing of the appellants' response. *Held*:

1. The Civil Practice Act specifies that the respondent in a summary judgment proceeding may serve opposing affidavits "prior to the day of hearing." OCGA § 9-11-56 (c). Accord OCGA § 9-11-56 (d). However, Rule 6.2 of the Uniform Rules for the State Courts requires that, "[u]nless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion, or on the date of the hearing (if one is held) *whichever occurs sooner*." 253 Ga. at 887. (Emphasis supplied.) Quite apparently, there

is a conflict between Rule 6.2 and the Civil Practice Act as applied to the facts of this case.

Effective September 19, 1986, the preamble to the Uniform Superior Court Rules was amended to provide as follows: "It is not the intention, nor shall it be the effect, of these rules to conflict with the Constitution or substantive law, either per se or in individual actions and these rules shall be so construed and in case of conflict shall yield to substantive law." 256 Ga. at 865. See *Russell v. Russell*, 257 Ga. 177, 178 (356 SE2d 884) (1987). See also *Walton v. Datry*, 185 Ga. App. 88, 93 (363 SE2d 295) (1987). As the Uniform State Court Rules are for the most part identical to the Uniform Rules for the Superior Courts, this statement of intention would appear to be applicable to them, as well. See 253 Ga. at 887.

Although OCGA § 9-11-56 (c) does not require that a hearing be set on a motion for summary judgment where none is requested, see *Dallas Blue Haven Pools v. Taslimi*, 180 Ga. App. 734 (350 SE2d 265) (1986), aff'd 256 Ga. 739 (354 SE2d 160) (1987), it unambiguously permits the respondent to serve opposing affidavits at any time "prior to the date of the hearing" in the event that a hearing is set. To the extent the requirements of Uniform Rule 6.2 conflict with this statutory provision, the rule must yield. Accord *Russell v. Russell*, supra. We accordingly hold that the affidavit offered by the appellant in this case should have been considered.

2. The alleged fraud perpetrated on the appellants consisted of misrepresentations regarding the appellee's intention to repair certain defects in the vehicle of which the appellants were concededly aware prior to the consummation of the sale. These defects consisted of a torn seat and the existence of bubbles in a protective coating which had been applied over the paint. The appellants allege that the appellee never had any intention of effectuating the promised repairs. However, there was the uncontroverted evidence that the vehicle was serviced and repaired by the appellee on numerous occasions subsequent to the sale, at no charge to the appellants, and that the work performed included removal and reinstallation of the right front seat to correct a misstitch and wet sanding, buffing, and waxing of the paint to eliminate the bubbles. When the appellants continued to express dissatisfaction with the paint repairs, the car was examined by the Chrysler Customer Service Satisfaction Arbitration Board, which ultimately determined that the paint was in good condition and that it required no further repairs.

We hold that this uncontroverted evidence conclusively negated the allegation that the appellee never intended to make good on its promise to perform the repairs in question. See generally *Ga. Real Estate Comm. v. James*, 152 Ga. App. 193 (262 SE2d 531) (1979); *Cooper v. Re/Max North Atlanta*, 186 Ga. App. 79 (1) (366 SE2d 328)

(1988). As "[a]n appellate court in reviewing a lower court decision will affirm a judgment which is right for any reason," *Smith v. Fleming*, 183 Ga. App. 342, 343 (358 SE2d 900) (1987), the grant of the appellee's motion for summary judgment is accordingly affirmed.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 14, 1988 —
REHEARING DENIED OCTOBER 31, 1988.

*Robert M. Ray, Jr.*, for appellants.
*Stephen M. Forte*, for appellee.