A96A1115. BELL v. NORFOLK SOUTHERN RAILWAY COMPANY.
(476 SE2d 3)

Judge Harold R. Banke.

Federal Employers' Liability Act. John Bell suffered heat stroke or severe heat exhaustion while working for Norfolk Southern. In this suit against his employer, he contends the railroad's failure to promptly supply him emergency medical attention after this attack has afflicted him with a permanently disabling syndrome called "heat intolerance." The trial court granted summary judgment based on the statute of limitation and the merits, finding Norfolk Southern produced uncontradicted evidence it exercised reasonable care in

addressing Bell's medical problem. *Held*:

1. In his first enumeration, Bell contends the trial court erred by striking from its consideration three affidavits he filed in opposition to Norfolk Southern's motion for summary judgment. We agree. These affidavits were filed December 22, 1995, five days before the hearing on the motion. Although the trial court found the documents had not been filed in accordance with Uniform Superior Court Rule 6.2, OCGA § 9-11-56 (c) requires the trial court to consider opposing affidavits filed at any time prior to the hearing. The statute controls the rule, and the trial court should have considered these affidavits. *Wyse v. Potamkin Chrysler-Plymouth*, 189 Ga. App. 64, 65 (1) (374 SE2d 785) (1988).

2. Bell's task, however, is not limited to showing error; an appellant seeking reversal must also show harm. *Thompson v. Hardy Chevrolet-Pontiac-Buick*, 203 Ga. App. 499, 505 (9) (417 SE2d 358) (1992). "Even if the record clearly shows that a[n affidavit] was not considered below, it may be considered on appellate review of a ruling on a motion for summary judgment to determine whether the facts of the case create an issue of material fact for determination below. [Cit.]" *Taylor v. Schander*, 207 Ga. App. 627, 628 (2) (428 SE2d 806) (1993). Nowhere in this appeal does Bell argue the trial court erred in granting Norfolk Southern summary judgment on the merits of his claim, so we review the record only to determine if the affidavits created any issue of material fact.

Bell claimed the railroad failed to assist him after he fell ill and failed to act reasonably in providing him with emergency medical care. In FELA cases, an employer must render medical assistance "when an employee, to the employer's knowledge, becomes so seriously ill while at work as to render him helpless to obtain medical aid or assistance for himself. . . ." *Handy v. Union Pacific R.*, 841 P2d 1210, 1221 (Utah Ct. App. 1992) (citing *Southern Pacific Co. v. Hendricks*, 339 P2d 731, 733 (Ariz. 1959), cert. dismissed, 361 U. S. 941 (80 SC 385, 4 LE2d 362) (1960)). See also *Rival v. Atchison, Topeka & Santa Fe R.*, 306 P2d 648, 651 (N.M. 1957). To trigger the employer's duty to render aid, the employee must show that his condition is such that he " 'is in immediate danger of loss of life or of great bodily harm.' [Cit.]" *Handy*, 841 P2d at 1221. Federal law allows summary judgment for the employer only where there is a "complete absence" of evidence to support the employee's claim. *Bagley v. CSX Transp.*, 219 Ga. App. 544, 545 (1) (465 SE2d 706) (1995). Whether an employee's condition is so dire as to trigger the employer's duty to render aid is, however, a question of law. *Handy*, 841 P2d at 1221-1222.

Bell's general foreman provided an affidavit stating he went to check on Bell after Bell radioed him from the train yard. When he

found Bell sitting on a crosstie, appearing a bit dizzy but coherent, Bell told him he "had another of his spells." The foreman took Bell back to the air-conditioned office, where Bell said all he needed was water and did not want the supervisor to call his wife. Later, Bell said he was ready to return to work but then decided he would drive himself home. When the foreman and others in the office expressed concern that Bell might have another "spell," Bell allowed them to drive him home. The foreman denied Bell appeared to need any medical attention. At his deposition, Bell said he did not recall the day's events in detail, although he "probably used to remember more." He did recall telling the supervisor he felt he could return to work. Bell also admitted he had suffered these types of heat-related episodes many times during the 1980s. According to the foreman, Bell stated his doctors did not know what was causing the problem.

Adding to this evidence the improperly excluded affidavits does not create any issue for trial. In two of those affidavits, witnesses who assisted Bell when he arrived home stated he appeared disoriented, dizzy, weak, and pale. In the third affidavit, a physician who treated Bell sometime after this episode opined that Norfolk Southern employees should have taken him to the emergency room. But none of these affidavits contradicts the unchallenged testimony of Bell's foreman, corroborated in part by Bell, that Bell stated he needed only water, that he felt he could return to work, that he could drive himself home, and that the doctors did not know what caused these recurring episodes. The evidence does not show that Bell was unable to help and care for himself. *Handy*, supra. Even assuming Bell was in such a position that the railroad was required to render him emergency aid, the affidavits do not materially detract from the trial court's finding that Bell's supervisors, acting on Bell's representations, took reasonable action to assist him. Compare *Brooks v. Southern R. Co.*, 178 Ga. App. 361, 362-363 (343 SE2d 143) (1986) and *Currin v. Seaboard System R.*, 187 Ga. App. 751, 753 (371 SE2d 142) (1988), in which the plaintiff's evidence that he had requested medical assistance precluded summary judgment.

3. Because the trial court did not err in granting summary judgment based on the merits of Bell's claim, we need not address his contention that the trial court erred in finding his claims barred by the statute of limitation.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Andrews, Blackburn and Smith, JJ., concur. McMurray, P. J., Pope, P. J., and Ruffin, J., dissent. Johnson, J., not participating.*

MCMURRAY, Presiding Judge, dissenting.

Although I fully agree with Division 1 that the trial court erroneously excluded from consideration plaintiff's timely filed affidavits, I

respectfully dissent from affirmance of summary judgment in favor of the employer-defendant, Norfolk Southern Railway Company, in employee-plaintiff John Bell's Federal Employers' Liability Act ("FELA") action for inadequate medical treatment. In my judgment, the majority has tacitly applied the contradictory testimony rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680), to hold that plaintiff should be bound by his feeble protestations to a supervisor that he needed no immediate medical attention. But that rule is inapplicable to the case sub judice because other circumstances, established by the affidavit evidence erroneously excluded by the trial court, indicate that plaintiff Bell was not competent to make an accurate assessment of his potential need for additional medical treatment. According to the majority's recitation, eyewitnesses other than the foreman described plaintiff as "disoriented, dizzy, weak, and pale." (Majority opinion, ante, p. 790). Where the plaintiff's purported contradictory statements are *not* the *only* evidence which would authorize his recovery, the general rule applies, namely that the credibility of all witnesses — including the parties — should be determined by the jury. *Barentine v. Kroger Co.*, 264 Ga. 224 (443 SE2d 485); *Bynes v. Stafford*, 106 Ga. App. 406, 407 (2) (127 SE2d 159). See also *Ryder v. Schreeder*, 224 Ga. 382 (2), 386 (162 SE2d 375). In the case sub judice, the evidence does not establish, as a matter of law, the *absence* of an immediate danger of loss of life or of great bodily injury. Accordingly, the jury should determine whether the employer demonstrated any negligence, however slight, in blithely accepting the word of a dazed and embarrassed worker, where the objective evidence would authorize a finding that plaintiff was not fit to make an accurate assessment of his immediate medical needs.

I am authorized to state that Presiding Judge Pope and Judge Ruffin join in this dissent.

DECIDED AUGUST 23, 1996 —
RECONSIDERATION DENIED SEPTEMBER 18, 1996 —

*Hicks & Massey, Frederick V. Massey*, for appellant.
*Hall, Bloch, Garland & Meyer, John S. Stewart*, for appellee.