A98A0785. BOLAND v. GEORGIA EYE INSTITUTE, INC. et al.
(509 SE2d 342)

JOHNSON, Presiding Judge.

Ryan Boland, M. D., sued Georgia Eye Institute, Inc. ("GEI") and Memorial Medical Center, Inc. ("MMC") for alleged breach of an employment agreement. Boland filed this appeal from the grant of summary judgment to GEI and MMC on Counts 1 and 3 of his complaint and from the denial of his motion for summary judgment on Count 1.

---

[2] Although there are exceptions to this rule, id., they are not applicable here.

The record shows that in December 1992 Boland signed a contract agreeing to cease the private practice of opthalmology and be employed by GEI, a subsidiary of MMC. The agreement had an initial term of ten years and provided for an annual base salary of $325,000. The agreement provided for automatic termination upon a "Determination of Illegality." The phrase "Determination of Illegality" was defined in the contract as "receipt by MMC and Physician of: (A) an opinion of counsel to MMC (and the vote of more than a majority of the members of the Board of Directors of the Institute concurring with such opinion) that this Agreement violates (i) a federal or state law, and/or (ii) a regulation or rule of the Internal Revenue Service . . . or a similar authority having jurisdiction over the practice of medicine or payments in consideration thereof."

The contract also provided that: "Upon a Determination of Illegality, the Physician shall commence and attempt to complete in good faith negotiations to satisfy the Termination requirements; provided, however, *in no event will the physician be paid less than his Base Salary for the remainder of the initial term of this Agreement from either MMC or the Institute and this provision shall survive any Determination of Illegality.*" (Emphasis supplied.)

Soon after the agreement was executed, MMC and GEI (collectively "MMC/GEI"), became concerned, based on IRS regulations, with whether certain provisions in the employment agreement might cause them to lose their tax-exempt status. MMC/GEI attempted to renegotiate the contract with Boland so it would comply with IRS regulations. Boland did not agree with some of the terms in the proposed contract and failed to sign the agreement by the deadline set by MMC/GEI.

In July 1995, MMC/GEI sent Boland a letter stating that the agreement was terminated "effective immediately" because Boland had not signed the new IRS-approved agreement. The letter indicated that the IRS required all GEI physicians to execute the new agreement in order for GEI to obtain tax exemption, and that failure of GEI to obtain tax-exempt status would pose a risk to the tax-exempt status of MMC. The letter further provided that GEI's counsel and the majority of GEI's Board of Directors agreed that retaining the current agreement would result in a violation of IRS rules and regulations. GEI then gave Boland notice it was terminating the agreement and that he would continue as an employee at will at his current salary. The MMC/GEI letter added that it expected a new agreement to be reached within 120 days. Attached to the letter was a letter from counsel for MMC/GEI stating that the employment agreement did not meet various requirements imposed by the IRS and threatened the tax-exempt status of MMC/GEI.

The parties did not reach a new agreement and Boland left GEI.

He then sued MMC/GEI seeking a declaratory judgment that he was entitled to his base salary for the remaining seven years of the initial term of the agreement. He amended the suit to allege MMC/GEI wrongfully terminated the agreement. Boland appeals from the trial court's grant of MMC/GEI's motion and the denial of his motion for summary judgment on Count 1 (payment of base salary for remaining years) and the grant of MMC/GEI's motion for summary judgment on Count 3 (wrongful termination of the contract).

1. Boland contends the trial court erred in granting MMC/GEI's motion for summary judgment and denying his motion for summary judgment on his claim of entitlement to his base salary for the years remaining on the initial term of the agreement. We find that neither party is entitled to summary judgment on this issue.

"The cardinal rule of contract construction is to ascertain the intention of the parties. OCGA § 13-2-3. Contract construction is a three-step process. . . . First, if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction. That is, where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. Secondly, if ambiguity does appear, the existence or non-existence of an ambiguity is itself a question of law for the court. Finally, a jury question arises only when there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction. . . . [A] contract should be construed by examining the agreement in its entirety, and not merely by examining isolated clauses and provisions thereof." (Citations and punctuation omitted.) *Duffett v. E & W Properties*, 208 Ga. App. 484, 486 (2) (430 SE2d 858) (1993). We find that the contract in this case contains an ambiguity which cannot be resolved by the court's application of the statutory rules of construction. The trial court, therefore, erred in not allowing the issue to be decided by a jury.

To support his position that the contract requires continued payment of his salary, Boland points to the fact that MMC/GEI terminated the agreement based upon the "Determination of Illegality" clause, which provides that he will receive no less than his "Base Salary" for the remainder of the initial term of the contract when the agreement is terminated on that basis. Examination of that provision in isolation might support a conclusion that Boland is to be paid the base salary regardless of whether he continues to provide any services. Boland stresses that he gave up a successful practice and expected financial security in exchange for MMC/GEI's right to terminate the contract early. He claims that the formation of MMC/GEI altered the medical market in the community, depleting the pool of patients available to an opthalmologist in private practice.

MMC/GEI, on the other hand, argues that the parties did not intend Boland to be paid without working, that the intent was for him to continue working while they worked out a new contract which would not be illegal. MMC/GEI points to the fact that the illegality clause refers to "Base Salary," and that elsewhere the contract provides that "Base Salary" is meant "to compensate Physician for his services." MMC/GEI also argues that interpreting the contract as urged by Boland would be tremendously unfair and would result in a gross disparity of consideration.

Inasmuch as the ambiguity in the contract cannot be resolved by the trial court as a matter of law, the court erred in granting summary judgment to MMC/GEI. The grant of summary judgment to MMC/GEI is reversed and the denial of summary judgment to Boland is affirmed.

2. We agree with Boland's contention that summary judgment for MMC/GEI was improperly granted on the question of whether MMC/GEI breached an implied duty of good faith in terminating the agreement. In Georgia, every contract includes the implied duty of good faith. *Fowler v. Smith*, 230 Ga. App. 817, 820 (2) (a) (498 SE2d 130) (1998). "On motion for summary judgment the evidence is viewed in a light most favorable to the respondent, and the respondent is given the benefit of every doubt. The movant has the burden to prove the non-existence of any genuine issue of material fact, and in so determining, the court will treat the respondent's paper with considerable indulgence." (Citations and punctuation omitted.) *Haire v. City of Macon*, 200 Ga. App. 744, 746 (409 SE2d 670) (1991). Although there was evidence of good faith, there was also some evidence indicating the contrary. Boland presented evidence showing he attempted to negotiate a new contract and accepted changes proposed by the IRS but was terminated anyway. He also pointed to evidence that MMC/GEI's failure to reach accord on a new agreement may have been in retaliation for his questioning management practices and the propriety of certain provisions in the proposed agreement. Whether MMC/GEI exercised good faith in terminating the agreement is a question for the jury. See generally *Brown v. Freedman*, 222 Ga. App. 213, 216 (2) (474 SE2d 73) (1996); *Jones v. Quigley*, 169 Ga. App. 862, 865 (2) (315 SE2d 59) (1984). The trial court erred in granting summary judgment to MMC/GEI on this issue.

*Judgment affirmed in part and reversed in part; case remanded. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 13, 1998 —
RECONSIDERATION DENIED DECEMBER 1, 1998.

*Chilivis, Cochran, Larkins & Bever, Anthony L. Cochran, John K. Larkins, Jr.*, for appellant.

*Hunter, Maclean, Exley & Dunn, William E. Dillard III, John M. Tatum*, for appellees.