## A01A2059. MILESTONE v. DAVID.
(555 SE2d 163)

JOHNSON, Presiding Judge.

In June 1993, Motorcars of Yesterday-Atlanta, Ltd. (a company owned by Scott Milestone) purchased the assets of Formula One Imports, Inc. (a car dealership owned by Irvin David). Milestone, in his capacity as president of Motorcars, issued a $250,000 promissory note payable to Formula One Imports. The parties also executed an allonge[1] to the promissory note. The allonge subordinated the promissory note repayment to the repayment of two loans to Motorcars by Milestone's mother's corporation, Milestone Commercial Properties. In addition, the allonge indicates that Milestone personally guaranteed the note.

Motorcars began making payments on the note beginning in July 1993. On March 18, 1994, Formula One Imports assigned the note to David, the sole owner, director, and shareholder of Formula One Imports. Formula One Imports was dissolved on August 23, 1994. Motorcars continued making payments on the note until January 1995. On April 25, 1995, David made a demand for payment on the balance of the note. When he received no response, he filed the present action. In its answer, Motorcars admitted that it signed the note and admitted that it had not made any payments under the note since February 1995.

David filed a motion for summary judgment in May 1996. However, on June 17, 1996, Motorcars filed for Chapter 11 bankruptcy, and the action was stayed until confirmation of Motorcars' reorganization plan on April 20, 1998. David then moved for summary judgment against Milestone. The trial court granted David's motion for summary judgment and denied Milestone's cross-motion for summary judgment, finding (1) the senior loans are no longer outstanding, (2) David, as the trustee for Formula One Imports, is the proper payee under the note, and (3) Milestone personally guaranteed the note.

On appeal from a trial court's grant of summary judgment, this Court conducts a de novo review of the evidence.[2]

On motion for summary judgment the evidence is viewed in a light most favorable to the respondent, and the respondent is given the benefit of every doubt. The movant has the burden to prove the non-existence of any genuine issue of mate-

---

[1] An allonge is a piece of paper attached to a promissory note on which parties write endorsements for which there is no room on the instrument itself. Black's Law Dictionary (5th ed. 1979).

[2] *Moore v. Food Assoc.*, 210 Ga. App. 780 (437 SE2d 832) (1993).

rial fact, and in so determining, the court will treat the respondent's paper with considerable indulgence.[3]

Here, the current record reveals a genuine issue of material fact as to the continued existence of the senior loans. We, therefore, reverse the grant of summary judgment to David.

1. The promissory note and allonge in the present case specifically provide that Formula One Imports' right to receive payments on the note is subordinated to

> any rights of Milestone Commercial Properties or any substitute party which accrue under that certain Promissory Note in the principal sum of Three Hundred Thousand Dollars ($300,000) or that certain Revolving Line of Credit Promissory Note in the principal sum of One Million Dollars ($1,000,000) pursuant to which funds were loaned to the Maker.

Subsequently, Motorcars entered into a loan agreement with NationsBank in which NationsBank agreed to issue a "floor plan" line of credit to Motorcars in the amount of $2,500,000. In consideration of the NationsBank loan, Motorcars agreed to grant NationsBank a superior security interest in a $1,000,000 certificate of deposit established by Motorcars with proceeds from the $1,000,000 Milestone Commercial Properties loan.

In support of his contention that the senior loans no longer exist, David points to three documents given to him during discovery by either NationsBank or Milestone. The first is an assignment of account dated November 30, 1993, whereby Milestone used the $1,000,000 senior loan as collateral in exchange for a loan of $2,500,000 from NationsBank. In the document, Milestone stated that the collateral being used in consideration for the extension of credit was "free of all security interests and other encumbrances." Milestone contends Motorcars was merely asserting to NationsBank that no prior security interests existed with respect to the Motorcars' certificate of deposit that had been assigned as collateral for the NationsBank loan. He further argues that the document does not make any representations about the existence or nonexistence of the underlying $1,000,000 Milestone Commercial Properties loan whose proceeds were used to fund the Motorcars' certificate of deposit, and that the document does not address the $300,000 senior loan.

---

[3] (Citations and punctuation omitted.) *Boland v. Ga. Eye Institute*, 235 Ga. App. 492, 495 (2) (509 SE2d 342) (1998); see also *Gentile v. Bower*, 222 Ga. App. 736, 737 (477 SE2d 130) (1996).

The second document David points to is a letter dated November 30, 1993, in which Motorcars' attorney represented to NationsBank that a June 16, 1993 Uniform Commercial Code (UCC) statement, filed between Motorcars and Milestone Commercial Properties, was issued in error. Specifically, the letter stated that "no loan or security interest exists in favor of Milestone Commercial Properties." The final document is a termination of the referenced June 16, 1993 UCC statement, filed on December 1, 1993. These documents do not show that they refer to the senior loans. And, according to Milestone, even if the documents do refer to the senior loans, the UCC statement of termination merely made the senior loans subordinate to Nations-Bank's security interests; it did not satisfy the senior loans.

In support of his assertion that the senior loans still exist, Milestone offers bankruptcy court documents and his own affidavit. The bankruptcy court documents show that Milestone Commercial Properties (later known as Laurel Pace Partnership) was listed in Motorcars' bankruptcy schedules as having undisputed unsecured claims of $2,456,625. According to the bankruptcy schedules, these claims represented loans evidenced by promissory notes. Pursuant to Bankruptcy Rule 3003 (b) (1), the schedule of liabilities filed by Motorcars constituted prima facie evidence of the validity and amount of the claims of creditors. While it is unclear from the bankruptcy documents whether the loans listed are, in fact, the same senior loans mentioned in the allonge, Milestone avers in his affidavit that the senior loans referenced in the allonge are among the loans listed in the bankruptcy documents.

Given the current record in this case, we find that a question of material fact exists as to the continued existence of the senior loans. David provides evidence that the senior loans do not exist through documents provided to him during discovery by Milestone and NationsBank. Milestone argues that the trial court's conclusions are not supported by the documents. Milestone then provides evidence that the senior loans still exist through bankruptcy court documents and his affidavit. The trial court makes no mention of these documents or their impact on its decision, and we cannot determine from the trial court's order whether it even considered these documents. Based on the conflicting documents in the record, the trial court erred in granting summary judgment to David.

2. David argues that the trial court was not obligated to consider evidence submitted by Milestone because he did not timely file his response to David's motion for summary judgment. The record shows that David filed his amended motion for summary judgment on December 27, 1999. On December 29, 1999, the trial court granted Milestone a leave of absence and an extension of discovery until three weeks following the adjournment of the Georgia House of Rep-

resentatives. This stay expired on April 12, 2000. On April 12, 2000, David moved for oral argument, and argument was set for July 24, 2000. Four days before oral argument, on July 20, 2000, Milestone filed a responsive brief to David's motion for summary judgment, as well as an affidavit in support of his opposition and bankruptcy court documents purportedly showing the existence of the senior loans.

Uniform State Court Rule 6.2 states: "Unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion, or on the date of the hearing (if one is held) whichever occurs sooner." In contrast, OCGA § 9-11-56 (c), provides that "[t]he adverse party prior to the day of hearing may serve opposing affidavits." David contends that although Milestone's affidavit was timely,[4] the trial judge was not obligated to consider other evidence submitted by Milestone in light of the delinquent filing of his response. While the trial judge was not obligated to consider Milestone's responsive filings,[5] this fact does not appear to help David's case. All documentary evidence submitted by Milestone was properly before the trial court as attachments to Milestone's timely filed affidavit.

David also argues for the first time on appeal that Milestone's affidavit is not credible because it is self-serving. However, since this objection was not raised in the trial court, we are precluded from consideration of the issue on appeal.[6]

3. Because we reverse the trial court's ruling for the reasons discussed in Division 1, we need not address Milestone's remaining enumerations of error.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED OCTOBER 10, 2001.

*Phillip J. Walsh*, for appellant.
*Fellows, Johnson & La Briola, Stephen T. La Briola, Eric A. Kane*, for appellee.

---

[4] See *Bell v. Norfolk Southern R. Co.*, 222 Ga. App. 788, 789 (1) (476 SE2d 3) (1996) (OCGA § 9-11-56 (c) controls over Uniform State Court Rule 6.2, and the trial court should have considered affidavits filed five days before the hearing on the motion).

[5] See *Coastal Plains Trucking Co. v. Thomas County Fed. Sav. &c. Assn.*, 224 Ga. App. 885, 886-887 (482 SE2d 493) (1997) (physical precedent only).

[6] See *Neese v. Britt Home Furnishings*, 222 Ga. App. 292 (1) (474 SE2d 44) (1996).